■ ALICE REINER, Appellant, v IRA REINER et al., Respondents. — In a matrimonial action for divorce and other relief in which the summons and complaint were amended, on consent, to include a cause of action to impress a constructive trust, naming the defendant husband's parents as codefendants, the plaintiff wife appeals, as limited by her notice of appeal and brief, from so much of a judgment of the Supreme Court, Richmond County (Schneier, J.),

dated June 7, 1983, as (1) denied her application to impress a constructive trust upon one half of the proceeds from the sale of the marital premises and ordered that the other half of the proceeds, $36,981.71, be divided equally between the husband and the plaintiff after the payment of marital debts of $17,775.81, (2) awarded her child support of $25 per week for each of the two children; (3) denied her application to direct the husband to post security for child support; (4) denied her claim for equitable distribution of the husband's interest in the proceeds from the sale of a business owned by the husband and others; and (5) denied her application for counsel fees. ¶ Judgment modified, on the law and the facts, by (1) deleting the words "after the payment of the marital debts of $17,775.81" from the third decretal paragraph; (2) deleting the fifth decretal paragraph, which denied the plaintiff's application to impress a constructive trust on one half the net proceeds from the sale of the marital premises, i.e., $36,913.71 (Special Term incorrectly computed this figure) and substituting therefor a provision (a) granting the application, (b) declaring the defendant parents, Murray Reiner and Dorothy Reiner, to be constructive trustees of one half of the net proceeds, (c) ordering the net proceeds to be divided equally between plaintiff and defendant Ira Reiner, (d) directing the attorney for the husband, who is holding in escrow the sum of $73,827.42, representing the net proceeds from the sale of the marital premises, to pay to the plaintiff, from that fund, the sum of $36,913.71, representing the plaintiff's equitable distribution interest in the marital premises, and (e) directing that the attorney for the husband is to retain the balance of $36,913.71 in escrow from which he shall pay to plaintiff, following Special Term's determination, her distributive share of the husband's interest in the business referred to in provision "(3)" of this paragraph, and that any deficiency or surplus in the escrow fund, following payment to the plaintiff of her distributive share of the husband's interest in the business, is to be resolved in accordance herewith; and (3) deleting the provision from the eleventh decretal paragraph which denied plaintiff's application for equitable distribution of certain notes representing the sale of a business owned and operated in part by the husband and substituting therefor a provision granting the application. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements, and matter remitted to the Supreme Court, Richmond County, for further proceedings consistent herewith. ¶ Plaintiff wife commenced this matrimonial action for divorce and related relief and, thereafter, on consent, amended the summons and complaint to include a cause of action to impress a constructive trust on one half of the proceeds from the sale of the marital premises, naming the husband's parents as codefendants. She appeals from stated portions of the ensuing judgment. We find that a substantial modification is in order. ¶ First, Special Term erred in denying the application to impress a constructive trust. The credible testimony established that when the plaintiff and the defendant husband applied for a mortgage on their marital residence, they were told that, because of their limited incomes, it would be necessary to obtain a guarantor. In addition, more money was needed for the down payment. As a result, plaintiff's parents agreed to advance the necessary funds and the husband's parents agreed to cosign the mortgage. Apparently as a result of the mortgagee's requirement (as conceded in the husband's brief), the husband's parents were listed as co-owners on the deed together with the plaintiff and her husband. All of the closing costs were paid by the plaintiff and her husband. The husband's parents did not supply any funds. ¶ Plaintiff and her husband made the mortgage and other payments on the house from the time of the purchase in 1973 through 1975 and took appropriate income tax deductions. Thereafter, in 1975, defendant Murray Reiner, the husband's father, whom we were advised at oral argument of this appeal is an accountant, devised a plan

which would enable him to obtain a tax advantage in connection with the mortgage payments and other deductions with respect to the marital premises as he had a larger income than plaintiff and her husband. Under the plan, he would make the payments to the bank by his check and would receive reimbursement from his son and daughter-in-law.* Plaintiff and her husband resumed making mortgage payments in 1980. ¶ Special Term's approach to the constructive trust issue was far too rigid. As the Court of Appeals has oft-times cautioned in similar factual settings, "the conveyance herein should be interpreted 'not literally or irrespective of its setting, but sensibly and broadly with all its human implications'" (*Sharp v Kosmalski*, 40 NY2d 119, 123, quoting *Sinclair v Purdy*, 235 NY 245, 254 [Cardozo, J.]). ¶ Courts have consistently viewed such a transaction with a suspicion that something more than a mere conveyance is involved (see *Macauley v Smith*, 132 NY 524; *Finnegan v Brown*, 43 AD2d 812; *Johnson v Woodworth*, 134 App Div 715; *Trust & Deposit Co. v Verity*, 33 Misc 4, affd 62 App Div 624, affd 172 NY 620). ¶ The constructive trust doctrine enables a court to rectify inequitable conduct and is applicable "'to whatever knavery human ingenuity can invent'" (*Simonds v Simonds*, 45 NY2d 233, 241, quoting Bogert, Trust and Trustees [2d ed rev, 1978], § 471, at p 29). The court in *Sharp v Kosmalski* (*supra*), enumerated four factors to be considered in ascertaining whether imposition of a constructive trust is warranted — a fiduciary or confidential relationship, a promise, a transfer in reliance on the promise, and unjust enrichment. But these factors are merely useful guides and are not talismanic (*Simonds v Simonds, supra*, p 241). The applicability of the constructive trust doctrine "'is limited only by the inventiveness of men who find new ways to enrich themselves unjustly by grasping what should not belong to them'" (*Simonds v Simonds, supra*, p 241, quoting *Latham v Father Devine*, 299 NY 22, 27). ¶ In any event, "a realistic determination based on a broad view of the human setting involved" (*McGrath v Hilding*, 41 NY2d 625, 629) indicates that the factors set forth in *Sharp v Kosmalski* (*supra*), have been established. There is no doubt that the family ties constitute a confidential relationship (e.g., *Sinclair v Purdy, supra; Farano v Stephanelli*, 7 AD2d 420, 425 [Breitel, J.]). Nor is an express promise necessary; "a promise may be implied or inferred from the very transaction itself" (*Sharp v Kosmalski, supra*, p 122). Because plaintiff and her husband began to live in the house and continued to pay all the expenses, we have no difficulty in implying a promise that the listing on the deed was for the convenience of the mortgagee only and that the husband's parents would not assert an ownership interest (see *Ptachewich v Ptachewich*, 96 AD2d 582; *Scull v Scull*, 94 AD2d 29; cf. *Sinclair v Purdy, supra; Farano v Stephanelli, supra; Matter of Newcourt Realty Holding Corp. v Gabel*, 28 AD2d 704). Plaintiff clearly had the right to rely on such an implied promise (*Sinclair v Purdy, supra*). In fact, we would doubt that her parents would have advanced funds had she or they believed otherwise. Finally, the unjust enrichment is manifest. The husband's parents would receive a windfall with no expenditure on their part. Imposition of a constructive trust is, therefore, warranted. ¶ Furthermore, although we construe section 236 (part B, subd 1, par c) of the Domestic Relations Law as providing that outstanding financial obligations incurred during the marriage which are not solely the liability of either spouse may be deemed marital obligations as to which the spouse who incurred such obligations may offset them against the total marital assets to

---

\* We find Murray Reiner's denial of repayment to be totally incredible. When impeached with contrary testimony that he had given at an examination before trial and with canceled checks, he "changed [his] testimony" and claimed that the payments represented "excess money" which he had lent to his son each month and "at the end of each month, if he had any money left over", his son would return it to him.

be distributed pursuant to this statute (see *Troiano v Troiano,* 87 AD2d 588), there was in the instant matter a clear failure of proof by the husband that the alleged debts were in fact such marital obligations. He offered no documentary evidence to substantiate his claim; the alleged debts of $17,775.81 are therefore not to be offset against the parties' share of one half of the proceeds from the sale of the marital home. ¶ In addition, the court further erred in not including, as a marital asset subject to equitable distribution, the husband's interest in notes in the amount of $110,000 due to him and his fellow investors from the sale of a business. The testimony was contradictory with respect to this interest. Although the husband initially testified that he and three others had each invested approximately $7,000, indicating a total of approximately $28,000 for the purchase of a pharmacy-medical center in June, 1981, he subsequently testified that the total initial purchase price was $19,000. The business was sold in April or May, 1982, prior to the separation of plaintiff and the husband, for $175,000. The cash down payment of $35,000 was used to pay liabilities of the business. The net amount due of $110,000, after the payment of brokerage and attorneys' fees, was to be paid over a period of seven years. At the time of trial, no payment had yet been made to the husband or to his fellow investors. ¶ Inasmuch as the business was acquired by the husband during the marriage and prior to the commencement of the matrimonial action or execution of a separation agreement, the husband's interest constitutes marital property, subject to equitable distribution, irrespective of title (Domestic Relations Law, § 236, part B, subd 1, par c; see *Rodgers v Rodgers,* 98 AD2d 386). ¶ Evaluating this interest poses some difficulty, however, as the record is unclear as to how much had been invested by the husband and his three "partners". In addition, there is no indication of how they intended to apportion the net proceeds from the sale. Special Term is therefore directed to hold a hearing to determine the husband's pro rata share of the $110,000 net proceeds. Once that has been determined, one half of that sum shall be paid to plaintiff as her distributive share of the husband's interest in the business. ¶ We note that the attorney for the husband is holding $73,827.42 in escrow, representing the proceeds from the sale of the marital home. Plaintiff's interest in these proceeds is $36,913.71. The attorney for the husband is directed to pay that latter sum to plaintiff from the escrow fund. Furthermore, he is to retain in escrow the balance of $36,913.71 from which he shall pay to plaintiff, following Special Term's determination, her distributive share of the husband's interest in the business. The husband is directed to satisfy any deficiency should the sum held in escrow be insufficient. In the alternative, if the sum held in escrow is more than sufficient to satisfy the wife's distributive share of the husband's interest in the business, the balance is to be returned to the husband. ¶ Finally, some comment is in order with respect to child support payments and counsel fees. A judgment must speak as of its date and be based on the then existing facts (*Ralske v Ralske,* 85 AD2d 598, app dsmd 56 NY2d 644). The husband was unemployed at the time of trial. Thus, Special Term's fixation of child support at $25 per week for each of the two children was well within the parameters of reasonableness. Nonetheless, we note that if there is a substantial change in circumstances, plaintiff is free to seek an upward modification (Domestic Relations Law, § 236, part B, subd 9, par b; see *Matter of Brescia v Fitts,* 56 NY2d 132). With respect to counsel fees, on this record we cannot say that Special Term's determination not to award them to plaintiff was an improvident exercise of discretion (see *Rodgers v Rodgers, supra*). Titone, J. P., Lazer, Mangano and Thompson, JJ., concur.