■ JANET COHEN, Respondent-Appellant, v RICHARD COHEN, Appellant-Respondent. — In a matrimonial action, the defendant husband appeals, as limited by his notice of appeal and brief, from so much of a supplemental judgment of the Supreme Court, Westchester County (Walsh, J.), entered October 22, 1982, as (1) ordered him to pay to the plaintiff wife a net distributive award of $54,666.04, representing, in part, a calculation of her share of his partnership interest in the accounting firm of Peat, Marwick, Mitchell and Co., (2) awarded plaintiff

exclusive possession of the marital residence until further order of the court, (3) ordered him to pay to plaintiff the unallocated sum of $750 per week, representing both maintenance and child support, and (4) denied his posttrial motion to dismiss a plenary action brought by the plaintiff to recover reimbursement for expenditures on necessaries. The plaintiff wife cross-appeals, as limited by her notice of appeal and brief, from so much of the same supplemental judgment as (1) awarded her only a net distributive award of $54,666.04 including her share of defendant's partnership interest in Peat, Marwick, Mitchell and Co., (2) declined to consider defendant's pension plan as marital property, (3) awarded her only the unallocated sum of $750 per week for both maintenance and child support, (4) awarded her only $5,000 as counsel fees and (5) denied her application to recover certain disbursements and expert witness fees.

Supplemental judgment modified, on the law and the facts, (1) by striking therefrom the seventh, eighth, seventeenth and eighteenth decretal paragraphs thereof, (2) by deleting the words "until further order of the court" from fifth decretal paragraph thereof and by substituting therefor the words "until sold in accordance herewith", (3) by deleting the sixth decretal paragraph thereof and substituting therefor a provision directing the sale of the marital residence, located in Scarsdale, New York, with the net proceeds of the sale of the residence and the household effects located therein to be divided equally between plaintiff and defendant, and (4) by adding to the twelfth decretal paragraph thereof a provision that defendant may also seek modification of the maintenance award after the sale of the marital premises, if justified, based upon the money plaintiff actually received from that sale. As so modified, supplemental judgment affirmed insofar as appealed from, without costs or disbursements, and matter remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith. In the interim, defendant is directed to continue to pay the sum of $750 per week to the plaintiff for maintenance and child support. The sale of the marital residence is directed to be held within one year of the date of the order to be made hereon. The findings of fact made by Special Term are affirmed, except where specifically stated otherwise herein.

In accordance with this court's decision in *Litman v Litman* (93 AD2d 695, affd 61 NY2d 918), Special Term correctly determined that defendant's partnership interest in the accounting firm of Peat, Marwick, Mitchell and Co. (hereinafter PMM) constituted marital property and was, thus, a proper subject for a distributive award pursuant to section 236 (part B, subd 5, par e) of the Domestic Relations Law (see, also, *Kaye v Kaye,* 102

AD2d 682; *Reiner v Reiner,* 100 AD2d 872, 875). Defendant was employed by PMM at the time of his marriage to plaintiff in June, 1970. He became a partner in that firm in July, 1975, during the course of the parties' marriage. Therefore, defendant's partnership interest in PMM constitutes marital property "acquired by either or both spouses during the marriage", which is subject to equitable distribution (see Domestic Relations Law, § 236, part B, subd 1, par c).

We conclude, based upon the evidence presented at the hearing, that Special Term reached a fair and reasonable result concerning both the valuation of defendant's partnership interest in PMM, and the equitable distribution thereof. With regard to the valuation, in the net distributive award that defendant was directed to pay to plaintiff, Special Term included the sum of $56,000, representing 50% of $112,000, or the total estimated value of the 560 units assigned to defendant by the PMM partnership during the period from June 30, 1979 until March 31, 1982. The calculation of $112,000 for the total value of defendant's units, which are comparable to shares of stock and which determine his share of the profits of the accounting firm for a given fiscal year, was arrived at by using defendant's own estimate that each of the units was worth $200 in 1981, the year in which the divorce action was commenced.

We, likewise, concur with the grant of a distributive award to plaintiff representing one half of the value of his partnership interest in PMM. We note, however, that Special Term's conclusory statement that "the parties were equal economic partners during the marriage" does not satisfy the requirement contained in the Domestic Relations Law (§ 236, part B, subd 5, par g) that the court must set forth the statutory factors it considered and the reasons for its determination concerning the equitable distribution of the marital property (see *Brundage v Brundage,* 100 AD2d 887; *D'Amato v D'Amato,* 96 AD2d 849; *Nielsen v Nielsen,* 91 AD2d 1016). Nevertheless, the record of the hearing and the decision of Special Term contains sufficient evidence to affirm the result with respect to the equitable distribution of defendant's partnership interest in PMM, based upon our analysis of the circumstances of the parties in accordance with the factors enumerated in section 236 (part B, subd 5, par d) of the Domestic Relations Law (see *Kobylack v Kobylack,* 62 NY2d 399, 403, revg 96 AD2d 831; *Duffy v Duffy,* 94 AD2d 711, 712). We find it to be particularly significant that plaintiff contributed to the marriage, both as a wage earner and as a homemaker for defendant and the parties' son Stephen (see Domestic Relations Law, § 236, part B, subd 5, par d, cl [6]). Plaintiff worked as a teacher with

the New York City public school system for the duration of the marriage, with the exception of several weeks in May and June, 1978, when Stephen was born, and the period after February, 1980, when she went on a leave of absence for medical reasons.

The parties concede that further proceedings will be necessary to establish the value of their interests in their respective pension plans, which accrued during the marriage, but prior to the commencement of the matrimonial action, as these pension rights are considered to be marital property subject to equitable distribution (see *Majauskas v Majauskas,* 61 NY2d 481; *Damiano v Damiano,* 94 AD2d 132). Defendant's interest in nonvested or partially vested pension benefits should also be considered marital property, especially in view of the fact that his status as a partner in PMM reduces the probability that he will forfeit his pension rights by leaving the firm (see *Rodgers v Rodgers,* 98 AD2d 386; *Damiano v Damiano, supra*). Any distributive award to plaintiff based upon her share of defendant's interest in his pension plans should include consideration of the value of her own pension benefits from the New York State Teachers Retirement System. The net distributive award recalculated by Special Term upon remittitur should be further adjusted to allow plaintiff to retain the sum of $4,150, representing approximately one half of the proceeds of the jointly owned municipal bond which she sold.

The circumstances at bar did not justify awarding exclusive possession and occupancy of the parties' Scarsdale residence to plaintiff for an unlimited period of time (see *Ripp v Ripp,* 38 AD2d 65, 69, affd 32 NY2d 755; *Mazur v Mazur,* 38 AD2d 951; *Caplan v Caplan,* 38 AD2d 572). Plaintiff should be able to find suitable housing for herself and Stephen, of whom she has custody, at a more appropriate cost, in the surrounding area. Therefore, the parties are directed to sell the marital residence within one year after the date of the order of this court. This period of time should be sufficient to enable the parties to consummate the sale and to enable plaintiff and Stephen to relocate.

We concur with the conclusion of Special Term that each of the parties is entitled to a 50% interest in the marital residence. Once again, Special Term failed to make specific findings of fact to support its decision in accordance with the applicable statutory factors (see Domestic Relations Law, § 236, par B, subd 5, par g). Nevertheless, this result is proper because the residence was owned by the parties as tenants by the entirety and plaintiff made substantial monetary contributions to the down payment used to purchase that home, both from her own funds and the

parties' joint funds (see Domestic Relations Law, § 236, part B, subd 5, par d, cl [6]). Additionally, the proceeds plaintiff will receive from the sale of the marital residence will provide her with a financial cushion until her health will permit her to work full time and will assist her in obtaining suitable housing for herself and Stephen (see Domestic Relations Law, § 236, part B, subd 5, par d, cl [2]). Therefore, the parties are entitled to equal shares of the proceeds of the sale of the marital residence, after the satisfaction of the mortgage and the payment of closing costs, real estate taxes and any other applicable expenses.

Special Term erred by failing to allocate specific amounts for maintenance and child support (see *Jerkovich v Jerkovich,* 100 AD2d 575; 22 NYCRR 699.9). Therefore, the matter must be remitted for a redetermination of the appropriate amounts for separate payments of maintenance and child support, with due regard for the appropriate statutory factors applicable to each of these categories of support (see Domestic Relations Law, § 236, part B, subds 6, 7; *Brundage v Brundage, supra; D'Amato v D'Amato, supra; Nielsen v Nielsen, supra*). In determining the amount to be awarded for maintenance, Special Term should consider current evidence as to whether plaintiff's medical problems still preclude her from resuming full-time employment and the funds plaintiff will receive from any distributive award representing her share of defendant's interest in his pension plans, as well as from her share of the proceeds of the sale of the marital residence (see Domestic Relations Law, § 236, part B, subd 6, par a, cl [2]).

Under the circumstances of the instant case, we conclude that Special Term properly denied the defendant's motion to dismiss the plaintiff's plenary action for reimbursement for moneys expended on necessaries, commenced by plaintiff shortly after the hearing on the ancillary relief in the divorce action. It would be inequitable to dismiss the plaintiff's plenary action, which was commenced at the suggestion of the Justice at Special Term after he denied her motion, brought during the hearing, to amend the complaint in the original matrimonial action to include a cause of action for reimbursement for necessaries. Therefore, in contrast to the situation which occurred in *Marinelli v Marinelli* (88 AD2d 635), plaintiff herein had attempted, albeit unsuccessfully, to include her cause of action for necessaries in the matrimonial action. Moreover, the plenary action in *Marinelli v Marinelli (supra)*, which this court held was properly dismissed, included additional causes of action pertaining to the disposition of assets held by the parties and had been brought by the wife subsequent to the determination by Special Term

concerning the ancillary financial relief in the divorce action. Upon remittitur Special Term may, in its discretion, make an additional award of counsel and expert witness fees to plaintiff after taking into consideration any money awarded to her in the plenary action to repay loans allegedly made by her father for those purposes.

We have considered the remaining contentions of the parties and find them to be without merit. Mollen, P. J., Gibbons, Weinstein and Rubin, JJ., concur.