**In re Harold S. ROSENBERG, Debtor.**

**Bankruptcy No. 885–51205–20.**

United States Bankruptcy Court,
E.D. New York,
at Westbury.

May 1, 1986.

ROBERT JOHN HALL, Bankruptcy Judge.

This matter came to be heard on the complaint of the trustee that the debtor fraudulently conveyed property to Ms. Dawna Green. The court finds that the debtor had no interest in the conveyed property and thus the gratuitous conveyance was not fraudulent.

## FACTS

Dawna Green is the debtor's former fiancee. She laid out $42,000 for the purchase of a house on April 8, 1985 in contemplation of marriage. The debtor laid out no cash, but to satisfy the mortgagee, he cosigned a mortgage and took title with Ms. Green as joint tenant. Several days later, upon the advice of counsel, Ms. Green asked the debtor to convey his title to her pending their marriage. The debtor complied. Sadly, Ms. Green's prudence presaged the bust of her betrothal. The debtor filed a petition for bankruptcy on July 30, 1985, and the trustee of the debtor's bankruptcy estate contends that the debtor's conveyance of the house to Ms. Green was fraudulent.

## DISCUSSION

Generally, 11 U.S.C. § 548 characterizes as fraudulent any transfer of property within one year of bankruptcy by an insolvent debtor for less than a "reasonably equivalent value." This type of fraud is not based on the debtor's motive. Rather, 11 U.S.C. § 548 enables a trustee to gather the assets of a bankruptcy estate from recent transferees who took more than their due. Unfortunately for the trustee, Ms. Green did not take more than she was due because under New York law she had a constructive trust in the debtor's share of the title. The debtor's interest in the property was therefore unenforceable and without value.

The court relies on *Reiner v. Reiner*, 100 A.D.2d 872, 474 N.Y.S.2d 538 (1984). In *Reiner*, a wife's parents advanced the down payment on the marital home, and the husband's parents cosigned the mort-

**4**

gage. The husband's parents were listed as co-owners on the deed, with the husband and wife who lived in the home and paid all expenses. When the husband's parents sought an ownership interest during the parties' divorce, the court imposed a constructive trust to prevent the husband's parents from receiving a windfall. The court found that the husband's parents made an implied promise that they would be listed on the deed only for the convenience of the mortgagee.

 In this case, the debtor made an implied promise that he would be listed on the deed only for the convenience of the mortgagee, and accordingly, Ms. Green has a constructive trust under New York law barring the debtor from any ownership interest. The trustee apparently expected the debtor to deny Ms. Green title to the property she had paid for, so that he could distribute the windfall proceeds to creditors. The *Reiner* court would certainly condemn such behavior:

> The applicability of the constructive trust doctrine "is limited only by the inventiveness of men who find new ways to enrich themselves unjustly by grasping what should not belong to them." *Reiner v. Reiner*, 100 A.D.2d 872, 474 N.Y.S.2d 538, 541 (1984), *quoting Latham v. Father Devine*, 299 N.Y. 22, 85 N.E.2d 168 (1949).

In summary, the debtor had no interest in the property, and thus his gratuitous transfer of title to Ms. Green was not fraudulent. The trustee's complaint is dismissed.

SO ORDERED.