■ JANET COHEN, Appellant, v RICHARD COHEN, Respondent. —In a matrimonial action, the plaintiff wife appeals from an order of the Supreme Court, Westchester County (Gagliardi, J.), entered November 12, 1985, which ordered an immediate Sheriff's sale of the parties' marital home to a third party, precluded the parties from bidding at the Sheriff's sale, precluded either party from purchasing the other party's interest in the said premises, stayed further proceedings pending the completion of the sale, and appointed the defendant husband's counsel as fiduciary to both parties to consummate the sale and distribute the proceeds in accordance with an order of this court dated October 9, 1984.

Justice Eiber has been substituted for the late Justice Gibbons *(see,* 22 NYCRR 670.2 [c]).

Ordered that the order is reversed, in the exercise of discretion, so much of a prior judgment of the same court (Walsh, J.), entered October 22, 1982, as modified by the order of this court dated October 9, 1984 *(see, Cohen v Cohen,* 104 AD2d 841, *appeal dismissed* 64 NY2d 773), as directed the sale of the marital residence is vacated, the instant action is consolidated with a pending plenary action for necessaries, and the matter is remitted to the Supreme Court, Westchester County, for a hearing and further proceedings to be held expeditiously in accordance herewith.

Upon the parties' cross appeals from a judgment of divorce, this court, in an order dated October 9, 1984, modified the judgment by directing, *inter alia,* that the marital home should be sold and the proceeds divided equally *(Cohen v Cohen, supra)*. Under those circumstances, Trial Term acted appropriately in directing compliance with our prior order. Nonetheless, under the unusual and changed circumstances evident upon this appeal, we deem it an appropriate exercise of discretion to vacate so much of the judgment of divorce, as modified by our prior order, as directed the sale of the marital residence, and reverse the order appealed from. Essentially, the only dispute between the parties on the issue of the sale of the marital home concerns the effect the plaintiff remaining in the house has upon the defendant's support and maintenance obligations. It is not at all clear, upon this appeal, that the plaintiff's reasonable expenses and, correlatively, the defendant's support and maintenance obligations, would necessarily be unduly burdensome to the defendant or even greater were the plaintiff to remain in the marital home as opposed to residing in an apartment, cooperative or condominium in the surrounding area. In view of the fact that our prior order requires an adjustment of support and maintenance upon the disposition of the house and in further view of the plaintiff's desire to remain in the marital residence, we direct that the court consider the arguments of the parties on this issue when it conducts the hearing directed in our order dated October 9, 1984.

We note that at present, there are still outstanding issues of equitable distribution pending as well as an unresolved plenary action by the plaintiff for necessaries. Upon the defendant's waiver at oral argument of his claims to the furnishings and personalty remaining in the marital home, equitable distribution of those items is no longer necessary and they should be awarded to the plaintiff. The remaining matters are hereby consolidated and the parties directed to proceed to an immediate hearing on those issues. At that hearing, the court is also to perform the following functions:

1. Accept expert testimony and/or other evidence of the current fair market value of the marital home, the outstanding mortgage indebtedness on the house and the balance of outstanding weekly equitable distribution payments owed by the defendant and direct the defendant to convey his interest in the home to the plaintiff upon the plaintiff's payment of an amount representing one half of the parties' equity in the home (i.e., the market value of the home less the amount

outstanding on the mortgage), less the amount of the plaintiff's equitable distribution award which remains outstanding.*

2. In accordance with our prior order dated October 9, 1984, the court is directed to redetermine the appropriate amounts of maintenance and child support. In determining the awards, the court is additionally directed to consider admissible proof from the parties on the issue of whether the plaintiff's expenses, if she were to remain in the marital home, would be appreciably greater than her reasonably anticipated expenses if she resided with the parties' child in other suitable housing in the same locale, thus placing a disproportionate burden on the defendant's means. Should the court make an affirmative finding with respect to said issue, the court shall then base maintenance and child support awards upon what the plaintiff's reasonably anticipated expenses would be for other suitable housing, with due regard for both the appropriate statutory factors applicable to each of these categories of support *(see,* Domestic Relations Law § 236 [B] [6], [7]), and the other evidence bearing upon the issues of maintenance and support, which this court previously directed the hearing court to consider *(see, Cohen v Cohen,* 104 AD2d 841, 845, *supra).* Mollen, P. J., Rubin, Lawrence and Eiber, JJ., concur.

---

* In short, the plaintiff's payment may be represented by the following equation: payment equals one half the parties' equity in the home (market value of the house minus outstanding mortgage indebtedness) minus balance of equitable distribution.