OPINION OF THE COURT
Martin Schneier, J.
In an action for divorce, is an illegal numbers and loansharking business operated by the parties marital property requiring equitable distribution? This issue is apparently one of first impression in this State.
In open court, pursuant to an oral agreement, the parties each took an inquest against the other in their respective *1031 divorce actions, defendant was awarded custody of the infant issue and plaintiff was granted visitation.
In addition, pursuant to the said oral agreement, all ancillary and economic issues were referred to the trial court.
By a fair preponderance of all the credible evidence, the court makes the following findings of fact and conclusions of law:
FINDINGS OF FACT
The parties were married on March 11, 1972, in New York State. There is one issue of the marriage, namely, Michael Richard LaPaglia, born on July 20, 1973. The infant issue resides with defendant at the marital residence located in Hewlett, New York.
In 1974 the parties bought three small buildings, which were income-producing properties. Then in early 1976, the parties sold the properties and used the proceeds to buy a luncheonette and the building in which it was located. Both parties worked at the luncheonette, "Dotti’s Hero”, on a full-time basis, with plaintiff working principally as a counterman and defendant maintaining the books and records.
In August 1982, the parties sold "Dotti’s Hero” for $117,000 and the building for $108,000 and took back two mortgages covering the entire purchase price.
In 1983 the parties purchase a commercial building on Atlantic Avenue, Brooklyn, New York. It consisted of a store and two income-producing apartments. The parties operated the store as a candy and convenience food store under the name of "M and R Candy Store” and as an illegal numbers and loan-sharking business as well. Both parties worked in the store until July 1985 when the defendant voluntarily ceased working there. The illegal activities of the parties at the candy store are known to law enforcement officials.
The uncontroverted fair market value of the Atlantic Avenue building is $48,000. With respect to the candy store, defendant’s expert testified that the fair market value of "M and R Candy Store” is $85,000 and, if he considers the illegal activities there, then the value is increased to $200,000. Plaintiff had invoked his Fifth Amendment right against self-incrimination when questioned regarding his income from "M and R Candy Store”.
On September 5, 1975 the parties purchased the marital *1032 home from accumulated marital savings, which the court-appointed appraiser valued at $221,000.
The court-appointed appraiser valued the furniture and furnishings in the marital residence at $9,000 and found the value of the 1984 Cadillac, which is presently held by the defendant, to be $10,250, and the value of the 19,79 Cadillac, which is presently held by the plaintiff, to be $3,700.
The defendant has maintained custodial accounts in the name of the infant issue in which there is presently $40,000.
The only evidence regarding the infant’s needs for support consisted of the testimony of the defendant that she "needs $800 a week for child support and maintenance”.
CONCLUSIONS OF LAW
Marital property is broadly defined as "all property acquired by either or both spouses during the marriage” (see, Price v Price, 69 NY2d 8; Domestic Relations Law § 236 [B] [1] [c]).
The court finds the following items to be marital property: the marital residence valued at $221,000; the furniture and furnishings at the marital residence valued at $9,000; the Atlantic Avenue building valued at $48,000; the M and R Candy Store valued at $85,000; the 1984 Cadillac automobile valued at $10,250; the 1979 Cadillac automobile valued at $3,700; and the custodial account valued at $40,000 (see, Nevils v Nevils, 109 AD2d 784 [2d Dept 1985]). The total value of all the marital property is $416,950.
The illegal business conducted at the "M and R Candy Store” is not marital property requiring equitable distribution. This court as a matter of public policy cannot and will not condone or encourage said illegal activity by making an equitable distribution of the fruits of a criminal enterprise.
This court has duly considered each of the 10 factors in Domestic Relations Law § 236 (B) (5) (d) regarding equitable distribution. In this case involving a marriage of over 14 years where the defendant contributed to the marriage as a wage earner, and by maintaining the books and records of the marital business, and as a homemaker for plaintiff and the parties’ infant son, the court concludes that each party’s equitable interest in the marital property is 50% (see, Griffin v Griffin, 115 AD2d 587 [2d Dept 1985]; Bisca v Bisca, 108 AD2d 773 [2d Dept 1985]; Day v Day, 112 AD2d 972 [2d Dept 1985]; Cohen v Cohen, 104 AD2d 841 [2d Dept 1984]).
*1033 The total value of the marital property, excluding the marital residence, is $195,950 and 50% of same, which represents each party’s equitable interest, is $97,975.
The court awards each party title and possession to the marital property that he or she presently possesses, excluding the marital residence. The total value of said marital property possessed by the defendant, namely, the furniture and furnishings in the marital residence, the $40,000 in the custodial accounts, and the 1984 Cadillac automobile, is $59,250. The total value of the said marital property possessed by the plaintiff, namely, the Atlantic Avenue building, "M and R Candy Store”, and the 1979 Cadillac automobile, is $136,700. In order for defendant to receive her equitable 50%, or $97,975 interest in the marital property, she is granted a distributive award of $38,725.
Regarding the marital residence, the infant issue has resided in the marital residence most of his life and the need of the defendant as custodial parent to continue to occupy the marital residence with the infant outweighs the need to immediately sell the premises and distribute the proceeds (see, Hillmann v Hillmann, 109 AD2d 777 [2d Dept 1985]). Therefore, defendant is awarded exclusive possession of the marital residence until the parties’ infant issue attains the age of 18 or is sooner emancipated. At that time the marital residence shall be sold at its then current fair and reasonable market value (see, Lobotsky v Lobotsky, 122 AD2d 253 [2d Dept 1986]), the net proceeds shall be divided equally between the parties, and from the plaintiff’s share of the proceeds he shall pay defendant her distributive award of $38,725 (see, Weinstein v Weinstein, 125 AD2d 301). Until the sale of the marital residence, the defendant shall continue to pay all the carrying charges and expenses.
The court has duly considered each of the 10 factors in Domestic Relations Law § 236 (B) (6) regarding maintenance. Based on the facts and circumstances of this case, including defendant’s total lack of credibility regarding her ability to work, her voluntary removal from the work force, her dominance as the financial stimuli in the marriage, her superior education and her lack of need for economic rehabilitation, the court makes no maintenance award (see, Nemia v Nemia, 124 AD2d 407 [3d Dept 1986]; Brennan v Brennan, 103 AD2d 48 [3d Dept 1984]).
In determining child support, the court is directed to con *1034 sider "all relevant factors” (Domestic Relations Law § 236 [B] [7] [a]). In addition to the statutory factors, the court also considers that the infant is a teen-ager living in a one-family house in a suburban setting and, accordingly, awards to the defendant the sum of $125 per week as child support.