OPINION OF THE COURT
William R. Geiler, J.
This is a pendente lite motion wherein defendant moves for an order, inter alla, directing plaintiff to pay defendant a sum of money to retain expert services in order to evaluate plain *132 tiffs alleged enhanced earning capacity. To assist the court in making its determination, two issues must be resolved:
(1) Are academic "credits”, earned during the marriage, marital property subject to equitable distribution?
(2) Does the doctrine of "merger” (Marcus v Marcus, 135 AD2d 216, decision amended 137 AD2d 131 [2d Dept 1988]; Finocchio v Finocchio, 162 AD2d 1044 [4th Dept 1990]) obtain on a pendente lite motion for fees to evaluate enhanced earning capacity?
Question No. 1, here, must be answered in the negative.
Plaintiff husband is a high school teacher presently employed by the Commack School District earning a salary of approximately $55,000 per annum. It further appears that he attained a Masters degree from Yeshiva University in 1959 and prior to the marriage of the parties in 1960. At issue here is the evaluation of 30 to 60 postgraduate "credits” which did not culminate in a degree, the last of which were earned no more recently than 1972, some 16 years prior to the institution of the within divorce action in 1988.
It is well settled in this jurisdiction that, in the wake of the Court of Appeals landmark decision in O’Brien v O’Brien (66 NY2d 576 [1985]), not only medical licenses (O’Brien v O’Brien, supra; Maloney v Maloney, 137 AD2d 666 [2d Dept 1988], lv denied 72 NY2d 808 [1988]; Raff v Raff, 120 AD2d 507 [2d Dept 1986]; Dondysh v Dondysh, 20 Fam L Rev No. 2, at 22 [Sup Ct, Suffolk County, Balbach, J.]), but also, Medical Board certification (Savasta v Savasta, 146 Misc 2d 101 [Sup Ct, Nassau County 1989]), law degrees (Cronin v Cronin, 131 Misc 2d 879 [Sup Ct, Nassau County 1986]; Briger v Briger, 110 AD2d 526 [1st Dept 1985]; Holihan v Holihan, NYLJ, Jan. 15, 1987, at 12, col 2 [Sup Ct, Rockland County, Weiner, J.]), accounting degrees (Vanasco v Vanasco, 132 Misc 2d 227 [Sup Ct, Nassau County 1986]; Cohen v Cohen, 104 AD2d 841 [2d Dept 1984], appeal dismissed 64 NY2d 773 [1985], on remand 123 AD2d 809 [2d Dept 1986]), a podiatry license (Morton v Morton, 130 AD2d 558 [2d Dept 1987]), a doctor’s assistant certificate (Morimando v Morimando, 145 AD2d 609 [2d Dept 1988]), teaching certificates (McGowan v McGowan, 142 AD2d 355 [2d Dept 1988], lv denied NYLJ, Mar. 10, 1989, at 25, col 1 [2d Dept]; but see, Parlow v Parlow, 145 Misc 2d 850 [Sup Ct, Westchester County 1989]), celebrity type career (Golub v Golub, 139 Misc 2d 440 [Sup Ct, NY County 1988]; but see, Getz v Getz, NYLJ, Mar. 2, 1989, at 28, col 6 [Sup Ct, *133 Westchester County, Colabella, J.]; New York Times, Nov. 26, 1990, at Bl; see also, Elkus v Elkus, NYLJ, Sept. 27, 1990, at 23, col 4 [Sup Ct, NY County, Schackman, J.]), and professional distinctions (McAlpine v McAlpine, 143 Misc 2d 30 [Sup Ct, Suffolk County 1989]), all enhance earning capacity of the holders thereof, so as to enable the other spouse who made direct or indirect contributions to the acquisition thereof to share, as part of equitable distribution, in the value of same.
A common thread in all of the above-cited cases is a finality of accomplishment, such as attainment of a degree, license or other status. Here, all we are concerned with is the completion of course work. No mention is made in the moving papers of what courses were completed, whether they were related to the student’s chosen career or whether they were undertaken for personal enrichment, and, most importantly, how they enhanced plaintiff’s earning capacity. All that is before the court is the simple assertion that he completed "credits”. The only documentation of any kind are partially legible copies of transcripts which show that plaintiff completed two courses related to the teaching profession, one course entitled "Introduction to the Archaelogy of the Holy Land” and another entitled "Contemporary Middle East”. Simply stated, the court cannot perceive how his earning capacity has been enhanced by the successful completion of these courses. Even if the court were to hold to the contrary, there is no showing of defendant’s contributions, either direct or indirect, to plaintiff’s completion of said courses.
Question No. 2 must be answered in the affirmative.
The concept of merger had its origin at the appellate level in the Second Department in Marcus v Marcus (supra). There, the court pronounced that where a professional practice had been ongoing for a number of years, the medical license should have been deemed to have merged with and been subsumed by the practice itself. The clear purpose of that pronouncement was to prevent "double recovery”. David J. Zaumeyer, C.P.A. states: "As long as the license can be held out from its use in practice, it can be valued. But the time period over which one can value the license alone is limited. Eventually, the degree and license become 'merged’ with the private practice or corporate career positions and become virtually indistinguishable from them” (Brown, Valuing Professional Practices and Licenses: A Guide for the Matrimonial Practitioner, at 212-213 [1987]). He goes on to state that five years is the time when "merger” usually occurs (id., at 213), *134 although each case must be examined on its individual facts and circumstances. Here, however, the last "credits” earned by plaintiff were attained some 16 years before the commencement of this action. Even if the court were inclined to hold that plaintiff’s "credits” were enhanced earning capacity subject to equitable distribution, it would have to conclude that they merged in plaintiff’s teaching career (Parlow v Parlow, supra). Certainly a merger has occurred leaving no independent value to be determined, and, accordingly, this pendente lite motion for an order awarding expert fees for the purpose of evaluating certain "credits” is denied.