■ MERCEDES BECKER, Respondent, v RICHARD BECKER, Appellant.—In a matrimonial action in which the parties were divorced by judgment dated April 25, 1990, the defendant appeals from an order of the Supreme Court, Suffolk County (Geiler, J.), dated November 26, 1991, which, inter alia, denied his motion for appointment of a receiver to sell the former marital residence to him.

■ MERCEDES BECKER, Respondent, v RICHARD BECKER, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals (1) as limited by his brief, from

stated portions of a judgment of the Supreme Court, Suffolk County (Dunn, J.), dated April 25, 1990, which, *inter alia,* directed that the marital residence be placed on the market for sale and that, following the deduction of legal expenses, the proceeds of the sale be distributed equally between the parties with the amounts required to satisfy all judgments and liens entered against the defendant deducted from his share, and (2) an order of the same court, dated July 5, 1990, which, *inter alia,* denied the defendant's motion pursuant to CPLR 4404 to reopen the trial for presentation of additional evidence and to resettle the judgment.

Ordered that the judgment and the order are affirmed, with one bill of costs.

The husband contends that the matter should be remitted for further proceedings as a result of the trial court's failure to set forth the statutory factors it considered and the reasons for its decision pursuant to Domestic Relations Law § 236 (B) (5) (g). We disagree.

In this case, where the court's decision was essentially limited to a determination that the parties should share equally in the proceeds of the sale of the marital residence and where the trial testimony established that the parties owned the marital residence as tenants by the entirety and each party made substantial monetary contributions to the down payment used to purchase the home *(see, Cohen v Cohen,* 104 AD2d 841), the record is sufficient to permit us to review the trial court's determination *(see, Damiano v Damiano,* 94 AD2d 132).

In the midst of the trial and apparently on the spur of the moment, the husband moved to amend his answer to include a counterclaim. We conclude that, under the circumstances, the trial court properly exercised its discretion in denying the motion *(see, Murray v City of New York,* 43 NY2d 400).

We have reviewed the husband's remaining contentions and conclude that they are without merit. Thompson, J. P., Sullivan, Balletta and Lawrence, JJ., concur.