■ DAWN DUFFEY, Appellant, v TIMOTHY W. DUFFEY, Respondent. [603 NYS2d 234] —Weiss, P. J. Appeal from an order of the Supreme Court (Hughes, J.), entered May 27, 1992 in Albany County, which denied plaintiff's motion for expert appraisal fees.

The parties were married on May 30, 1980 while defendant was a college student. In May 1982, he received a Bachelor's degree in health service management. This action was commenced on October 17, 1990 at which time defendant was employed as an administrator by Albany Medical Center Hospital at an annual salary of $45,000. Plaintiff moved for an order awarding her fees for an expert appraiser to assess the enhanced earning capacity represented by defendant's college degree. Supreme Court denied the motion, determining that the degree had merged into defendant's career and that because he was a salaried employee there was nothing of value to appraise. Plaintiff has appealed.

We note initially that defendant possesses only an educational degree and not a professional license. In *McSparron v McSparron* (190 AD2d 74), this Court held that a professional license (i.e., license to practice law) merged and became subsumed into a salaried career and should not be considered to be either marital property or an asset which possesses an independent identity for purposes of computing appreciation. We find this principle fully applicable to the instant matter and, accordingly, affirm *(see, Berkman v Berkman,* 149 Misc 2d 131, 134; *Parlow v Parlow,* 145 Misc 2d 850, 858-859).

Mercure, Cardona, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, with costs.