■ JOAN A. KAUFMAN, Respondent-Appellant, v HARVEY J. KAUFMAN, Appellant-Respondent. [616 NYS2d 65] —In an action for a divorce and ancillary relief, the defendant husband appeals from (1) so much of an order of the Supreme Court, Queens County (Corrado, J.), dated April 4, 1991, as, upon granting his motion for reargument, adhered to its decision dated February 6, 1991, which, inter alia, distributed the marital property and (2) so much of a judgment of the same court, dated April 10, 1991, as granted the plaintiff wife a divorce on the ground of abandonment, dismissed his counterclaim for a divorce on the ground of cruel and inhuman treatment, directed the sale of the marital residence with the net proceeds to be divided 60% to the wife and 40% to the husband, and directed the husband to pay to the wife, within

six months of entry of the judgment, a distributive award of $78,602.41, and the wife cross-appeals from stated portions of the judgment, which, *inter alia,* limited her distributive award to $78,602.41, limited her recovery of the net proceeds of the marital residence to 60%, merged the husband's license to practice law into his law practice, valued the defunct practice at $5,000, one-half of which was credited to the wife, and valued the wife's master's degree as a marital asset worth $30,000, of which $9,000 was credited to the husband.

Ordered that the appeal from the order dated April 4, 1991, is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment dated April 10, 1991, is affirmed, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

On December 11, 1980, after 20 years of marriage, the defendant husband left the marital residence, without cause or provocation, with an intent never to return. He had not returned by July 1982, when the plaintiff wife commenced this action for divorce on the ground of abandonment *(see,* Domestic Relations Law § 170 [2]). The court properly granted the wife a divorce on the ground of abandonment as the elements of the statute had been satisfied. The court also properly dismissed the husband's counterclaim for divorce based on cruel and inhuman treatment (Domestic Relations Law § 170 [1]) as the evidence showed that the wife's conduct did not rise to a level that threatened the husband's safety or well-being such that it was improper for him to continue to cohabit with the wife, particularly after a marriage of such long duration *(see, Hessen v Hessen,* 33 NY2d 406; *Denny v Denny,* 65 AD2d 658, *affd* 48 NY2d 915; *cf., e.g., Domin v Domin,* 188 AD2d 1026; *Sullivan v Sullivan,* 188 AD2d 953; *Zack v Zack,* 183 AD2d 382).

We further find that the parties' claims that the court failed to equitably distribute the marital property pursuant to Domestic Relations Law § 236 (B) are lacking in merit. Upon our review of the record, we find that the trial court properly exercised its discretion in concluding from the evidence before it that it was appropriate to award the wife 60% of the net proceeds from the sale of the marital residence, after she

received a dollar for dollar reimbursement of her initial downpayment of $36,000. Moreover, the court's award to the wife of one-half of the value of the husband's pension fund, with interest at the legal rate of 9% from July 1982, the commencement date of the divorce action, was a fair distribution, particularly in view of the husband's unilateral liquidation of this fund in 1984.

The court also correctly determined that since the husband had fully developed his law practice during the years of the marriage, his law license had merged therein and was not subject to equitable distribution (see, e.g., *White v White*, 204 AD2d 825; *Duffey v Duffey*, 198 AD2d 581; *Maher v Maher*, 196 AD2d 530; *McSparron v McSparron*, 190 AD2d 74, 80-81; *Finocchio v Finocchio*, 162 AD2d 1044, 1045; *Marcus v Marcus*, 137 AD2d 131). It was irrelevant that he was practicing as an associate, rather than as a partner in a firm, by the time the court granted the judgment of divorce. By contrast, the wife's essentially unutilized master's degree in urban planning earned during the marriage which, like a professional degree or license constitutes marital property (see, *McGowan v McGowan*, 142 AD2d 355), had not merged and was susceptible to equitable distribution. Accordingly, it was appropriate for the court to grant a credit of $9,000 to the husband, in connection with the wife's master's degree, in calculating the wife's distributive award.

We have examined the parties' remaining contentions and find them lacking in merit. Lawrence, J. P., Santucci, Friedmann and Krausman, JJ., concur.