■ CROWN REALTY COMPANY, Appellant, v CROWN HEIGHTS JEWISH COMMUNITY COUNCIL et al., Defendants and Third-Party Plaintiffs-Respondents. DAVID FISCHER, Third-Party Defendant-Appellant. [631 NYS2d 539] —In an action and a third-party action, *inter alia,* to determine the ownership of real property, the plaintiff and third-party defendant appeal from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Vaccaro, J.), dated April 23, 1993 which, after a nonjury trial, is in favor of the defendants third-party plaintiffs imposing a constructive trust upon the subject property, directing that the subject property be conveyed to the defendant third-party plaintiff Crown Heights Jewish Community Council upon payment of the sum of $115,977.62, and dismissing the complaint.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

While the plaintiff and the third-party defendant, David Fischer, take issue with the trial court's conclusion that a constructive trust should be imposed upon the subject property, all of the requisite elements for imposing a constructive trust *(see, Sharp v Kosmalski,* 40 NY2d 119, 121; *Reiner v Reiner,* 100 AD2d 872, 874) were established and imposition of a constructive trust was warranted.

Furthermore, on the record before us, we conclude that the court's findings are supported by credible evidence and that the judgment is not against the weight of the evidence *(see, Matter of Fasano v State of New York,* 113 AD2d 885, 887-888; *see also, Marren v State of New York,* 142 AD2d 717, 718-719).

The remaining contentions of the parties are either without merit or not properly before this Court. Miller, J. P., O'Brien, Ritter and Goldstein, JJ., concur.