■ Rita Patti, Appellant, v Charles Patti, Respondent. — In a matrimonial action, the plaintiff wife appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Queens County (Goldstein, J.), dated June 16, 1983, as (1) directed the immediate sale of the marital home with the net proceeds to be divided equally, (2) limited her maintenance to $25 per week for a period of two years, (3) reduced arrears by the defendant husband in maintenance and child support *pendente lite* and (4) denied plaintiff counsel fees. Judgment modified, on the facts, by (1) deleting from the fourth decretal paragraph the provision that the marital home shall be immediately sold, and substituting therefor a provision awarding exclusive occupancy of the marital home to the plaintiff until the parties' minor child reaches the age of 21 or is sooner emancipated, and (2) deleting from the third decretal paragraph the words "two years" and substituting therefor the words "four years". As so modified, judgment affirmed insofar as appealed from, without costs or disbursements and the matter is remitted to Special Term to determine the manner of payment of arrears totaling $2,000. The parties were married on August 13, 1967. There is one child of the marriage born on November 16, 1969. The defendant husband abandoned plaintiff on August 1, 1981. Special Term granted plaintiff a divorce on the ground of abandonment and awarded her custody of the child. According to testimony adduced at trial, the marital home was worth between $80,000 and $95,000 and had a mortgage of approximately $10,000. During the 14 years the parties lived together, the plaintiff wife was not gainfully employed, but in October, 1982, she began working as a clerk-typist, earning a net of approximately $96 per week. Her monthly expenses for the mortgage, real estate taxes, home insurance, utilities and house maintenance totaled approximately $360 and she testified at trial that

even a small apartment for herself and her son would be substantially more expensive. Defendant has been employed as a school fireman for the City of New York for 17 years. He testified at trial that although he had been earning over $20,000 annually in prior years, his salary for most of 1982 was reduced to a take-home pay of only $280 per week because of a curtailment in overtime. He lived alone in a two-bedroom apartment and was paying $375 per month in rent. He claimed that unless the marital home was sold, he could not afford to support his family. Plaintiff should have been awarded the exclusive occupancy of the marital home until the child reaches the age of 21 or is sooner emancipated. From the testimony adduced at trial, not only will plaintiff's living expenses be less if she remains in the marital home than if she and the son move to an apartment, but the home is located in a neighborhood in which the son has lived all his life (see *Wurm v Wurm*, 87 AD2d 590; *Biven v Biven*, 62 AD2d 1145; *Bonardi v Bonardi*, 55 AD2d 613). Special Term also erred in limiting maintenance to a two-year period. We believe that the four years requested by the plaintiff is a more appropriate period which would permit her, after 14 years out of the work force, to refresh her skills and better prepare herself to become self-supporting (Domestic Relations Law, § 236, part B, subd 6, par a, cl [4]). Furthermore, it is likely that the son, now 14 years of age, will live with the plaintiff for at least four more years (Domestic Relations Law, § 236, part B, subd 6, par a, cl [5]). Lazer, J. P., Thompson, Weinstein and Niehoff, JJ., concur.