■ DARCEY REMETICH, Respondent, v HARVEY SCHOENBERG, Appellant. — In a proceeding to modify an order of alimony and child support, the husband appeals, as limited by his brief, from so much of an order of the Family Court, Nassau County (Ryan, J.), dated May 17, 1983, as (1) increased child support from $50 a week to $90 a week and (2) awarded petitioner wife counsel fees in the amount of $2,000. ¶ Order reversed, insofar as appealed from, on the law and the facts, without costs or disbursements, and the applications to increase child support and for counsel fees are denied. ¶ The evidence presented at the hearing held herein failed to show that the husband had sustained a substantial increase in income justifying the increased award of child support. Although the wife contended in her petition that special funds were required to care for her son's extraordinary dental care, no proof was offered to support such a claim and it appears that any and all medical and dental care required for the parties' children is covered *in toto* by dental and medical insurance plans provided to the parties through their employment by the New York City Board of Education as teachers. Similarly, it appears that not only are the parties receiving incomes nearly equal in amount from such employment, but the wife also receives rent from an apartment in the former marital dwelling which was deeded to her as part of the original settlement of this matter. In view of the foregoing, the upward modification in child support is not supported by the evidence. Similarly, an award of counsel fees by one spouse to another where both parties are similarly situated financially is both erroneous and inappropriate (see *Ackerman v Ackerman,* 96 AD2d 543). Gibbons, J. P., Bracken, Weinstein and Lawrence, JJ., concur.