■ PATRICIA A. KNAPP, Respondent, v EUGENE C. KNAPP, Appellant. — Appeal from an order of the Supreme Court at Trial Term (Kuhnen, J.), entered October 28, 1983 in Broome County, which, *inter alia,* granted plaintiff exclusive possession of the marital residence.

The parties were divorced pursuant to a judgment of divorce, dated September 22, 1982, which ordered that the issue of equitable distribution of marital property be transferred to the nonjury part of Trial Term. Since the parties had agreed as to the disposition of all marital assets except the family residence, that dwelling was the sole subject of concern for the trial court. After trial, the court awarded plaintiff, who had previously been awarded custody of the parties' only child, exclusive possession of the marital residence until that child graduates from high school or reaches the age of 19, whichever occurs first. At such time, the house is to be sold and the proceeds of the sale divided equally between the parties. This appeal by defendant ensued.

The marital residence was built in 1971 on one acre of land given to the parties by plaintiff's parents after the parties were married. Each party made monetary contributions to the cost of construction and to the addition of a breezeway and two-car garage. In addition to obtaining the land by gift, the parties also borrowed $2,600 from plaintiff's parents. As part of the down payment on the house, defendant used $1,800 he borrowed from his daughter by a previous marriage and obtained a loan from his credit union that was repaid by deductions from his paycheck over a period of time. At the time of trial the residence was valued at approximately $60,000.

We reject defendant's contention that the marital residence should be sold immediately and the proceeds divided between the parties. The equitable distribution statute permits a court to consider "the need of a custodial parent to occupy or own the marital residence and to use or own its household effects" (Domestic Relations Law, § 236, part B, subd 5, par d, cl [3]). Further, it is well settled that exclusive possession is usually granted to the spouse who is awarded custody of the minor children of the marriage (see *Patti v Patti,* 99 AD2d 772; *Damiano v Damiano,* 94 AD2d 132; *Wobser v Wobser,* 91 AD2d 826). Next, the parties' son had lived in the same house and neighborhood most of his life. We see no reason to depart from this line of precedent because defendant alleges that his obligation to pay

$50 per week child support along with mortgage, tax, and insurance expenses will cause him economic hardship. In 1982, defendant's gross annual salary was $23,884, while plaintiff's annual salary in 1983 was $10,026. Further, the monthly mortgage payment is only $125. We also turn away defendant's argument that the trial court erred in ordering him to pay the carrying charges on the marital residence. Section 236 (part B, subd 8, par b) of the Domestic Relations Law authorizes a trial court to order such payments by a defendant who is not occupying the residence. While the statute provides that the court ordering such carrying charges must have also ordered maintenance, child support or a distributive award in the same matrimonial action, and in this case it was Family Court which ordered maintenance and child support, such fact is immaterial since Supreme Court issued the decree of divorce and referred questions of maintenance and child support to Family Court.

Finally, we find no merit to defendant's position that the trial court erred in failing to enumerate the factors it relied upon in awarding exclusive possession of the marital residence to plaintiff. While it is true that section 236 (part B, subd 5, par d) of the Domestic Relations Law requires that a court disposing of marital property shall consider nine listed factors as well as any other factors that the court finds to be proper, it is also true that the court need not give equal weight to the factors and need not give any weight to any particular factor as long as it sets forth the factors it did consider and the reason for its decision (Domestic Relations Law, § 236, part B, subd 5, par g; *O'Sullivan v O'Sullivan*, 94 AD2d 407, 409). This broad statutory mandate was met here. The only marital property to be equitably disposed of by the trial court was the residence. Certain of the enumerated factors were inapplicable and a discussion of other relevant factors, particularly the factor concerning the need of a custodial parent to occupy the marital residence, was contained in the court's decision.

Order affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.