■ CHRISTINE HILLMANN, Respondent-Appellant, v RICHARD HILLMANN, Appellant-Respondent. — In a divorce action, the defendant husband appeals and the plaintiff wife cross-appeals from stated portions of a resettled judgment of the Supreme Court, Westchester County (Leggett, J.), dated April 29, 1983, which, *inter alia,* required defendant to pay maintenance for an unlimited period of time and denied plaintiff's application for an award of exclusive occupancy of the marital residence and instead directed that it be sold.

Resettled judgment modified, on the facts, by (1) deleting from the seventh decretal paragraph thereof the word "alimony" and substituting therefor the words "maintenance, for a period of 10 years from the date hereof", and by adding thereto after the words "dental expense" the words "and the cost of extraordinary repairs of the marital residence" and (2) adding to the ninth decretal paragraph thereof after the words "Decreed that", the words "plaintiff is awarded exclusive possession of the marital residence until the youngest child of the parties attains the age of 18 years or is sooner emancipated and thereafter", and by deleting the words "entry of this judgment" therefrom, and substituting therefor the words "said child's 18th birthday or the date of her emancipation, whichever is sooner". As so modified, resettled judgment affirmed insofar as appealed from, without costs or disbursements.

The record of the trial and the decision of Special Term afford a sufficient basis for appellate review of that court's determination of the issues of equitable distribution, maintenance, custody and child support (*Damiano v Damiano,* 94 AD2d 132, 134; *Duffy v Duffy,* 94 AD2d 711, 712). Based upon our assessment of the circumstances of the parties, as revealed by the record, in accordance with the factors enumerated in Domestic Relations Law § 236 (B) (5) (d); (6) (a), we conclude that modification of the judgment is required in two respects (*Kobylack v Kobylack,* 62 NY2d 399, 403; *Cohen v Cohen,* 104 AD2d 841, 843; *Duffy v Duffy, supra*).

First, we believe that Special Term should not have directed defendant husband to pay maintenance for an unlimited period of time. Plaintiff wife is approximately 34 years old, in good health, and the parties' two children, of whom she has custody, are now 11 and 9 years of age, respectively. Prior to the parties' marriage in 1971, plaintiff had graduated from high school and

had completed one year of college, wherein she had taken secretarial courses. She had thereafter been employed as a secretary for seven years, both before and during the marriage, until she became pregnant with the parties' first child, who was born in 1973. She did not return to the work force until September 1981, after she had commenced this action, when she took a part-time position as a teacher's aid in a local public school. She thereafter applied for a secretarial position at a local corporate office, without success. Under these circumstances, we deem it appropriate to limit the duration of defendant's obligation to pay maintenance to a period of 10 years from the date of the resettled judgment. Plaintiff is relatively young and in good health and she has the educational background and experience to enable her to become self-supporting at some time in the future. On the other hand, it is reasonable to assume that plaintiff will require some additional training before reentering the work force, in view of her extended absence and, in any event, plaintiff's responsibilities as custodial parent of the infant issue of the marriage will effectively preclude her from gaining full-time employment and becoming self-supporting for several years. We believe that by fixing the duration of the maintenance award at 10 years, we assure that plaintiff's reasonable needs will be provided for and that she will, at the same time, have an appropriate incentive to become financially independent.

Second, we conclude that Special Term should not have ordered the immediate sale of the marital residence. Under the circumstances of this case, the need of plaintiff, as custodial parent of the infant issue, to occupy the marital residence outweighed the defendant husband's immediate need for his equitable share of the sale proceeds as capital for his business. Moreover, the record establishes that the cost of maintaining the present marital residence would be approximately equal to the cost of acquiring a new residence for plaintiff and the two children in the surrounding area. Thus, plaintiff should be awarded exclusive possession of the marital residence until the parties' youngest child attains the age of 18 or is sooner emancipated (Domestic Relations Law § 236 [B] [5] [d] [3]; *see also, Damiano v Damiano,* 94 AD2d 132, 135, *supra; cf. Cohen v Cohen,* 104 AD2d 841, 844, *supra*). At that time, the marital residence can be sold in accordance with the provisions of the resettled judgment herein.

We have considered the remaining contentions of the parties and find them to be without merit. Thompson, J. P., Bracken, Brown and Rubin, JJ., concur.