■ DOMINICK CASSANO, Respondent, v MARY A. CASSANO, Appellant. — In a matrimonial action, the defendant wife appeals (1) as limited by her notice of appeal and brief, from so much of an amended judgment of the Supreme Court, Queens County (Miller, J.), dated September 4, 1984, as denied her an award of maintenance, limited child support to $95 per week for support of the parties' two children, ordered the sale of the marital residence and its contents with the net proceeds to be divided

equally between the parties, awarded the 1982 Chrysler to the husband and the 1972 Ford to her, ordered that the parties retain their respective pension rights unencumbered by any claim of the other, and failed to grant her counsel fees, and (2) as limited by her brief, from so much of an order of the same court, dated August 1, 1984, as denied her motion for a new trial on these economic issues.

Appeal from the order dismissed (*see, Matter of Aho,* 39 NY2d 241, 248).

Amended judgment modified, on the law and in the interest of justice, by deleting the provisions thereof which denied defendant maintenance, limited child support to $95 per week, ordered the sale of the marital residence and its contents with the net proceeds to be divided equally between the parties, awarded the 1982 Chrysler to the husband and the 1972 Ford to the wife, and ordered that the parties retain their respective pension rights unencumbered by any claim of the other. As so modified, amended judgment affirmed, insofar as appealed from, and matter remitted to Special Term for a new trial on these issues before a different judge. Pending a new determination of these issues, plaintiff shall continue to pay defendant $95 per week for the support of the two children.

Defendant is awarded one bill of costs.

The parties were married on August 9, 1964 and have two children, born November 14, 1968 and February 2, 1976. In July 1983, the husband commenced an action for divorce on the grounds of cruel and inhuman treatment and constructive abandonment. The wife thereafter counterclaimed for divorce, also on the ground of cruel and inhuman treatment. Special Term dismissed the husband's complaint but granted the wife a divorce on the counterclaim and awarded her custody of the children. The court also made a determination as to financial issues, which the wife sought to set aside by way of posttrial motion. The motion was denied.

On this appeal, the wife, essentially reiterating the arguments raised on her posttrial motion, contends that she was not adequately represented by counsel and that the record established at trial was insufficient for the court to consider all the factors required by Domestic Relations Law § 236 (B) and make a proper determination of the economic issues. We agree and therefore remit for a new trial and findings of fact on these issues.

An examination of the record discloses, first of all, that neither party testified as to the physical or emotional health of the children, their financial needs or the parties' standard of living

prior to the divorce action, and that the wife did not even file a complete statement of net worth as of the trial date. Thus, nisi prius was unable to take into account certain factors it was obliged to consider in awarding maintenance and child support (*see,* Domestic Relations Law § 236 [B] [6] [a] [1], [6]; [7] [a] [1], [2], [3]; *Nielsen v Nielsen,* 91 AD2d 1016).

Moreover, there was insufficient evidence in the record for Special Term to have reached a decision regarding the marital residence. In making such a determination, the court is required to consider the wife's need, as custodial parent, to occupy the marital residence during the children's minority (Domestic Relations Law § 236 [B] [5] [d] [3]; *Damiano v Damiano,* 94 AD2d 132, 135), and should also take into account (1) whether the wife's living expenses would be less if she remained in the home and (2) whether the children had lived in the marital residence all their lives (*see, Patti v Patti,* 99 AD2d 772). There was no evidence adduced as to whether other suitable housing in the same neighborhood was available to the wife at a price she could afford, nor was there adequate exploration of the wife's need to occupy the house until her younger child attained the age of 18 or became emancipated.

Similarly, there was no evidence presented as to the value of the parties' two automobiles except for the husband's statement that someone had offered him $300 for the 1972 Ford that his wife had used during the marriage. Such evidence alone was insufficient for the court to make a distribution of this property (Domestic Relations Law § 236 [B] [5]; *cf. Woertler v Woertler,* 110 AD2d 947).

Finally, with respect to the parties' pension plans, even if Special Term had correctly found them to be marital property (*see, Majauskas v Majauskas,* 61 NY2d 481; *Rodgers v Rodgers,* 98 AD2d 386, *appeal dismissed* 62 NY2d 646; *Damiano v Damiano,* 94 AD2d 132, *supra*), which it did not, there was still absolutely no proof as to the values of these plans upon which the court could have ascertained each party's equitable share. Thus, evidentiary proof should be presented and a decision reached in accordance with the principles discussed in *Rodgers v Rodgers* (*supra*) and *Damiano v Damiano* (*supra*).

We have considered the wife's claim for counsel fees and find the claim to be unpreserved for review and, in any event, without merit (*see, Remetich v Schoenberg,* 100 AD2d 581; *Ackerman v Ackerman,* 96 AD2d 543). Titone, J. P., Lazer, Thompson and O'Connor, JJ., concur.