■ THOMAS E. BLACKMAN, Respondent, v KATHRYN BLACKMAN, Appellant.—In a matrimonial action, the defendant wife appeals (1) from so much of a judgment of the Supreme Court, Nassau County (Burke, J.), entered August 27, 1986, as, inter alia, (a) directed the sale of the marital residence, (b) awarded maintenance for only five years in the amount of only $60 per week, and awarded child support in the amount of only $70 per week, (c) ordered that the value of the parties' automobile and certificate of deposit be paid to the plaintiff husband out of the proceeds of the sale of the marital residence, (d) ordered that the amount due retroactively for maintenance and child support be paid out of the sale proceeds of the marital residence and be retroactive only from July 11, 1986 instead of May 10, 1985, (e) equally divided the household effects, statues and furniture in the marital residence pursuant to the parties' stipulation, (f) failed to direct the husband to maintain medical insurance for the benefit of his daughter, to maintain life insurance for the benefit of the wife and daughter, and to pay for the daughter's private school tuition, and (g) failed to award the wife a portion of the husband's retroactive pay; (2) from an order of the same court, dated November 13, 1986, which granted the plaintiff husband's motion to vacate an

income execution served upon him by her; and (3) from an order of the same court, entered November 14, 1986, which denied the wife's motion to set aside the judgment of divorce on the ground of newly discovered evidence, fraud, misrepresentation and incompetence of counsel.

Ordered that the judgment is modified, on the law and the facts, by (1) deleting subdivisions "(3)" and "(4)" from the fifth decretal paragraph thereof, and (2) adding the following decretal paragraphs thereto:

"ORDERED and ADJUDGED that (A) the defendant pay to the plaintiff, as a distributive award, the sum of $2,250 to equalize (i) the defendant's appropriation of the $500 balance formerly held jointly by the parties in a certificate of deposit at European American Bank, and (ii) the defendant's retention of the parties' 1982 Buick Skylark valued at $4,000, and (B) the plaintiff pay to the defendant the sum of $3,355 representing the sum retroactively due for maintenance and child support; and it is further,

"ORDERED and ADJUDGED that the plaintiff maintain the existing medical coverage for the parties' child.";
as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated November 13, 1986, which granted the plaintiff husband's motion for vacatur of the income execution, is reversed, on the law, without costs or disbursements, and the motion is denied; and it is further,

Ordered that the order entered November 14, 1986, which denied the defendant wife's motion to vacate the judgment of divorce, is affirmed, without costs or disbursements.

The parties were married on June 23, 1973, and had one child, born on March 21, 1978. Sometime in March 1985, the plaintiff husband moved out of the marital home in East Farmingdale, New York. The wife cashed the parties' joint certificate of deposit in the amount of $500. The husband took the parties' 1984 Mazda pickup truck, which was subsequently stolen, while the wife retained their 1982 Buick Skylark, which was worth $4,000. Initially, the wife instituted a separation action in the Supreme Court, Suffolk County. After the husband brought an action for divorce in the Supreme Court, Nassau County, in which the wife counterclaimed, the wife abandoned her separation action. However, she was granted pendente lite relief of $40 per week in maintenance and $35 per week in child support by order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated May 23, 1985.

Following a trial on the Nassau County action for divorce, in which the husband withdrew his complaint for divorce in favor of the wife's counterclaim, and after the parties entered into a stipulation providing for an equal division of the parties' furniture and household effects and the proceeds from any court-ordered sale of the marital residence, the trial court found that (1) the wife was not entitled to an equitable share of the retroactive pay received by the husband because there was no evidence that the cash remained on hand or that it was converted into an asset, (2) the marital residence must be sold within 90 days to provide for the parties' future living expenses and to pay off the marital debts, (3) the wife owed the husband $4,500 for her retention of the parties' Buick automobile, valued at $4,000, and for her appropriation of their jointly held certificate of deposit in the amount of $500; the $4,500 was to be paid to him out of the net proceeds from the sale of the marital residence, and (4) the husband owed the wife $3,355 in retroactive maintenance and child support, which was also payable out of the net proceeds of the marital residence. Furthermore, the trial court ordered that the husband pay the wife $60 per week maintenance for a period of five years, and $70 per week in child support, but refused to provide for the payment of the child's continued parochial school education.

At the trial, it was determined that the wife had been employed by European American Bank for 15 years. She originally worked full time and was placed in a career management program but had limited her employment to part time upon the birth of the parties' child. Her 1985 salary was $7,809. The husband had been employed by the City of New York as a correction officer for 25 months prior to the time of trial. His projected 1986 salary was $30,732.

Furthermore, it was adduced at the trial that the monthly maintenance costs of the marital residence were approximately $670 to $691, and that rentals in the Farmingdale area for two-bedroom apartments were about $750 to $800 per month.

Finally, the parties incurred marital debts totaling $4,100 for car loans and an installment credit loan for furniture.

The trial court properly ordered the sale of the marital residence in order to provide for the future living expenses of the parties and to satisfy their marital debts. Even though exclusive possession of the marital residence is usually granted to the spouse who has custody of the minor children

of the marriage *(see, Patti v Patti,* 99 AD2d 772; *Damiano v Damiano,* 94 AD2d 132), this need of the custodial parent to occupy the marital residence is weighed against the financial need of the parties for a quick sale of the marital residence *(cf., Hillmann v Hillmann,* 109 AD2d 777; *Knapp v Knapp,* 105 AD2d 1019). The evidence adduced at the trial supports the court's determination that the parties' salaries were insufficient to meet their living expenses and that the marital residence offered the only available source of capital by which they could meet these expenses and pay off their marital debts. Moreover, the determination was proper even though the wife would be required to assume a greater rental expense than the cost of maintaining the marital residence; the net effect of the sale of the marital residence would be to provide funds upon which each of the parties could live comfortably.

Moreover, the trial court expressly outlined the factors it considered in determining its awards of maintenance and child support as required by Domestic Relations Law § 236 (B) (5), (6) and (7). A review of the record reveals that there was a lack of evidence with respect to some of the factors delineated in those provisions of the Domestic Relations Law, but this is not fatal since the trial court properly set forth the factors it did consider and the reasons for its decision on the maintenance and child support issues *(see, Knapp v Knapp,* 105 AD2d 1019, *supra; cf., Cassano v Cassano,* 111 AD2d 208). In particular, the trial court's determination that the parties could no longer afford parochial schooling for their child was supported by the evidence at the trial concerning their limited financial resources and by the lack of evidence as to special circumstances requiring the child's special schooling *(see, Frankel v Frankel,* 82 AD2d 796, *lv denied* 54 NY2d 609). Furthermore, the trial court did not err by not setting a termination date for child support, since the husband's obligation terminates when the child reaches 21 years of age *(see,* Family Ct Act § 413).

Moreover, the five-year period for the payment of maintenance to the wife was reasonable since she was 32 years old and in good health at the time of the trial, and since she had exhibited the ability to be self-supporting in the future by her extensive employment history *(see, Hillmann v Hillmann,* 109 AD2d 777, *supra).*

However, the trial court failed to equitably distribute the marital property when it provided for the *full* values of the parties' Buick Skylark and certificate of deposit to be paid to the husband out of the net proceeds from the sale of the

marital home. Such a provision, in effect, granted the husband more than his entitlement of one half of the value of these items in reimbursement for the wife's appropriation of the certificate of deposit and retention of the parties' automobile. In addition, the trial court erred when it provided that the husband's retroactive payment of the maintenance and child support to the date of the order granting pendente lite relief be made out of the net proceeds of the sale of the marital residence, because, in effect, the court awarded the wife only one half of the amounts due her. The trial court should also have directed the husband to continue his medical coverage for the parties' child (see, Price v Price, 113 AD2d 299, affd 69 NY2d 8).

Prior to the judgment of divorce, the wife served an income execution upon the husband (and his employer) pursuant to CPLR 5241 for his alleged default in maintenance and child support payments under the pendente lite order. The husband successfully moved to vacate the income execution on the ground of mistake of fact (see, CPLR 5241 [a] [8]; [e]). However, the court erroneously vacated the income execution since the husband failed to proffer evidence of mistake of fact as defined by CPLR 5241 (a) (8). Under the statutory scheme, the debtor must come forward with evidence that he was not in default of his payments to the creditor, which the husband failed to do (see, Siegel, Practice Commentary, McKinney's Cons Laws of NY, CPLR 5241, at 100 [1987 Pocket Part]). In addition, the court based its determination upon the wife's errors in calculating the arrears allegedly due, which is not a valid ground pursuant to CPLR 5241 (a) (8) and (e) for the vacatur of an income execution.

Furthermore, the trial court properly denied the wife's posttrial motion to set aside the judgment of divorce because none of the evidence she offered in support thereof was newly discovered, would have produced a different result or could not have been discovered in time to move for a new trial (see, CPLR 5015 [a] [2]). Furthermore, she failed to establish that the husband misrepresented his 1986 annual salary at the trial (see, CPLR 5015 [a] [3]). Moreover, her allegations of incompetence of counsel at the trial are unsupported by the record and, in any event, cannot serve as the basis to set aside a judgment pursuant to CPLR 5015.

The wife's remaining contentions are without merit. Thompson, J. P., Weinstein, Eiber and Sullivan, JJ., concur.