■ GLORIA PARRIS, Respondent, v REMINGTON PARRIS, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Kings County (Spodek, J.), dated September 11, 1986, which, *inter alia*, granted the plaintiff wife a divorce, directed the defendant to pay the plaintiff maintenance in the sum of $65 per week for a period of 12 years, directed the sale of the marital home with the net proceeds to be divided equally between the parties, and directed that certain deductions be taken from the defendant's share.

Ordered that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provision thereof which provided for maintenance for a period of 12 years and substituting therefor a provision awarding the plaintiff maintenance for a period of six years; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court, Kings County, should not have directed the defendant husband to pay maintenance for a period of 12 years. The plaintiff wife is relatively young, in good health, and, inasmuch as the defendant was awarded custody of the minor children, has no child-care responsibilities. She has three years of work experience as a part-time aide at a day-care center where she earns a net amount of $103 per week. A six-year maintenance award is adequate to provide the plaintiff with an opportunity to obtain full-time employment and, if necessary, further training so that she may become financially independent *(see, Hillmann v Hillmann,* 109 AD2d 777; *Scheer v Scheer,* 130 AD2d 479).

We also conclude that the Supreme Court properly directed an immediate sale of the marital home. The record establishes that the defendant had problems paying the mortgage and other household bills. Inasmuch as the parties had no substantial assets apart from the home, the court properly directed the defendant to pay the outstanding bills from his share of the net proceeds of the sale. Although the defendant is the custodial parent, his need to occupy the home was outweighed by both parties' immediate need for their share of the proceeds *(cf., Hillmann v Hillmann, supra).*

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Bracken, Eiber and Harwood, JJ., concur.