■ BILLY D. HARRIS, Appellant, v BARBARA HARRIS, Respondent.—In an action for divorce and ancillary relief, the plaintiff husband appeals (1) as limited by his brief, from so much of an order of the Supreme Court, Nassau County (McCabe, J.), dated April 19, 1988, as upon granting reargument, adhered to its original determination set forth in a memorandum decision dated November 17, 1987, and (2) from so much of a judgment of the same court, as directed the sale of the marital residence within eight months from the memorandum decision dated November 17, 1987.

Ordered that the appeal from the order dated April 19, 1988, is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the facts and in the exercise of discretion, and the plaintiff is awarded exclusive possession of the marital residence located at 1336 Cambria Street, Uniondale, New York, until the parties' child reaches the age of 21 years or is sooner emancipated, at which time the residence will be sold; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because no appeal lies from an order made upon reargument which adheres to an original determination in a decision *(see,* '

*Stockfield v Stockfield,* 131 AD2d 834) and because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

Under the circumstances of this case, we conclude that the trial court erred in directing the immediate sale of the marital residence. The parties' son, who was 12 years old at the time of trial, had been living in the marital residence since the age of six *(see, Patti v Patti,* 99 AD2d 772). Additionally, the evidence adduced at trial established that comparable rental property in the same neighborhood would be substantially more expensive *(see, Hillmann v Hillmann,* 109 AD2d 777; *Patti v Patti, supra).* Finally, any immediate need of the parties for their share of the proceeds of such a sale is outweighed by the need of the custodial parent and the child to occupy the home *(cf., Lauer v Lauer,* 145 AD2d 470; *Parris v Parris,* 136 AD2d 685; *Blackman v Blackman,* 131 AD2d 801, 804). Thus, the plaintiff, as custodial parent, is entitled to exclusive possession of the marital residence until the child reaches the age of 21 or is sooner emancipated. Brown, J. P., Eiber, Kooper and Rosenblatt, JJ., concur.