■ KAREN A. PACILLO, Respondent, v DOMINICK E. PACILLO, JR., Appellant.—Mahoney, P. J. Appeal from a judgment of the Supreme Court (White, J.), ordering equitable distribution of the parties' marital property and awarding plaintiff child support, entered May 25, 1988 in Montgomery County, upon a decision of the court.

The parties were married in 1971 and are the parents of two adopted minor sons. In 1988, a judgment of divorce in favor of plaintiff was entered. This judgment awarded plaintiff, who had custody of the boys, exclusive possession of the marital residence until the youngest child was emancipated or 21 years old, at which time the residence is to be sold and the proceeds divided equally. The judgment, *inter alia,* further ordered defendant to pay $90 per week as child support, but during those periods when he experiences seasonal joblessness

from his work as a painter and receives unemployment benefits defendant is allowed to pay $60 per week, with accumulated arrearages to be paid at the rate of $30 per week while working. This appeal by defendant followed.*

Defendant first argues that Supreme Court erred in allowing plaintiff exclusive possession of the marital residence for a period amounting to some 11 years rather than ordering an immediate sale. Supreme Court's award is authorized by Domestic Relations Law § 236 (B) (5) (d) (3) and firmly rooted in decisional law *(see, e.g., Knapp v Knapp,* 105 AD2d 1019; *see also,* 3 Foster, Freed and Brandes, Law and the Family New York § 18:4 [1989 Cum Supp], at 225 [2d ed]). Considering that the children have established roots in the neighborhood, where they play and attend school, and that there is a low monthly mortgage and tax payment ($245) and low mortgage principal balance (about $10,000), we find no reason to alter Supreme Court's award in this regard.

Likewise, we see no merit to defendant's contention that Supreme Court erred in awarding an amount as child support that remains constant regardless of whether he is unemployed. Supreme Court has broad discretion in fixing an amount of child support *(see, e.g., Holcomb v Holcomb,* 148 AD2d 915). Considering that defendant's seasonal period of unemployment is of limited duration, that he makes a net salary of about $350 per week while employed, that he receives $180 per week while unemployed and that his employment history reveals prior work as a skilled laborer with higher earnings, we see no abuse of discretion in Supreme Court's award. Of course, defendant retains the right to seek a modification under appropriate circumstances.

We note that defendant's counsel has submitted to us a copy of a Family Court order dated June 15, 1989 which, upon stipulation and consent, changed custody of the minor children to defendant. Although this order seems to undermine the bases upon which our determination herein is laid, it is outside the record so we shall not consider it or its effect on this appeal. Defendant remains free to seek modification of the judgment appealed from.

Judgment affirmed, without costs. Mahoney, P. J., Casey, Weiss, Mikoll and Harvey, JJ., concur.

---

* We have earlier dismissed plaintiff's cross appeal from various aspects of the judgment so our consideration is limited to defendant's appeal.