■ MARIE DEL PAPA, Respondent, v TEMISTOCLE DEL PAPA, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Queens County (Modugno, J.), dated December 7, 1988, which, *inter alia,* (1) awarded custody of the two minor children to the plaintiff wife, (2) directed the husband to pay $120 per week in child support, (3) granted the wife exclusive possession of the marital residence until the youngest child reaches her majority, (4) directed the husband to vacate the marital residence within 90 days from the filing of the judgment, and (5) directed the husband to carry a $25,000 life insurance policy and designate the two infant children as beneficiaries.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Contrary to the husband's argument, we find no reason to disturb the Supreme Court's determination awarding custody of the two minor children to the wife. It is well settled that an

award of custody is a matter of discretion for the hearing court and its decision is entitled to great weight *(see, Eschbach v Eschbach,* 56 NY2d 167, 173; *Matter of Diane L. v Richard L.,* 151 AD2d 760, 761). The record indicates, *inter alia,* that the husband has a long work schedule, and the children would be unattended by him for a significant amount of time. In contrast, the wife works very close to the children's school and leaves work at 4:00 P.M., shortly after school ends. In addition, the wife has been the primary caregiver for the greater part of the children's lives. Under these circumstances, custody of the children was properly awarded to the wife.

Nor did the court err in awarding the wife exclusive possession of the marital residence until the youngest child reaches the age of majority *(see, Pacillo v Pacillo,* 155 AD2d 736; *Cassano v Cassano,* 111 AD2d 208, 210; *Damiano v Damiano,* 94 AD2d 132, 135).

We have examined the husband's remaining contentions and find them to be without merit *(see, Pacillo v Pacillo, supra; Knapp v Knapp,* 105 AD2d 1019, 1020; Domestic Relations Law § 236 [B] [8] [a]; [1] [c]; [d] [1]). Mangano, P. J., Bracken, Kunzeman and Kooper, JJ., concur.