■ SANDRA SOMMERS, Respondent, v MARTIN SOMMERS, Appellant. [611 NYS2d 971] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: As limited by his notice of appeal, defendant husband appeals from certain economic provisions of a judgment of divorce. We conclude that the court properly characterized the marital residence as part separate property of plaintiff and part marital property, and did not abuse its discretion in equally distributing the portion of the equity deemed to be marital property. The court properly found the $96,890 down payment on the house to be plaintiff's separate property because it was acquired by plaintiff as a gift from her parents (see, Domestic Relations Law

§ 236 [B] [1] [d] [1]; *Lolli-Ghetti v Lolli-Ghetti,* 165 AD2d 426, 431, *lv denied* 78 NY2d 864). The court's allocation of a portion of the home's appreciation to plaintiff as her separate property likewise was consistent with the statute and with the passive/active dichotomy created by case law *(see generally, Price v Price,* 69 NY2d 8, 15-19). The Domestic Relations Law defines separate property to include "the increase in value of separate property, except to the extent that such appreciation is due in part to the contributions or efforts of the other spouse" (Domestic Relations Law § 236 [B] [1] [d] [3]; *see generally, Price v Price, supra,* at 15). It was proper for the court to take judicial notice of government inflation statistics because they are historical data that are readily and precisely verifiable *(see,* Fisch, New York Evidence §§ 1051, 1060 [2d ed]; McCormick, Evidence § 330 [Cleary 2d ed]), and proper for it to use such statistics as a basis for determining what portion of the appreciation was due to inflation or other market forces and hence constituted plaintiff's separate property. In any event, defendant was not prejudiced by the court's methodology. If, as defendant argues, real estate market values increased more rapidly than the consumer price index during the years in question, the court awarded defendant a windfall by using general inflation statistics rather than specific market data. We reject defendant's further contention that the court either should have computed the market value of the house and defendant's share of the appreciation as of the year 2000 or postponed the computation until the house is sold. By directing that defendant will receive 25.5% of the net proceeds of sale, the court assured that defendant will receive a proportionate share of any post-decision appreciation.

The court did not err in awarding plaintiff sole and exclusive use and occupancy of the marital residence or in directing that it be sold when the youngest child is emancipated *(see,* Domestic Relations Law § 234). Plaintiff was awarded custody of the parties' two children, who were 12 and 10 years old at the time of trial and who have lived in that house their entire lives *(see, Harris v Harris,* 154 AD2d 438; *Bonardi v Bonardi,* 55 AD2d 613). Defendant's need to receive his share immediately is outweighed by the need of plaintiff and the children to occupy the home *(Harris v Harris, supra).*

The court did not err in ordering defendant to pay plaintiff $120 per week in maintenance for five years. The court properly and rationally weighed the relevant statutory factors

*(see,* Domestic Relations Law § 236 [B] [6] [a] [1]-[10]), and the award is not excessive in amount or duration.

The court erred in awarding plaintiff $6,090 for the cost of the children's summer camp in 1989. The contention of plaintiff that defendant agreed to reimburse her for that expense out of pocket is contradicted by the language of the note. It merely authorized plaintiff to borrow against the equity in the house, and further implied that the matter would be adjusted between the parties when the house was sold. Further, we conclude that it was procedurally improper and prejudicial to defendant for the court to rule on the dispute after representing to the parties that the matter had not been pleaded and thus was not "actually before" the court. We modify the judgment by deleting that provision.

We are without power to review the remainder of the contentions raised by both parties. They are either waived or unpreserved as a result of defendant's express limitation of the scope of his appeal to those aspects of the judgment specifically identified in his notice of appeal; defendant's failure to file a notice of appeal from the postjudgment order; and plaintiff's failure to file a notice of cross appeal from the divorce judgment *(see generally, Hecht v City of New York,* 60 NY2d 57). (Appeal from Judgment of Supreme Court, Nassau County, O'Brien, J.—Divorce.) Present—Denman, P. J., Pine, Lawton, Callahan and Davis, JJ.