■ ARLINE PRESWORSKY, Respondent, v PAUL PRESWORSKY, Appellant. [637 NYS2d 487] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his notice of appeal and brief, from so much of a judgment of the Supreme Court, Queens County (Turret, J.H.O.), dated February 17, 1994, as (1) granted the plaintiff wife exclusive occupancy of the marital residence, (2) directed him to pay the maintenance charges on the marital residence, and (3) directed him to pay child support in the sum of $11,147 per year and child support arrears.

Ordered that the judgment is modified, on the law and the facts, by (1) deleting the eleventh and twelfth decretal paragraphs thereof, and (2) deleting from the ninth decretal paragraph thereof the words, "Defendant shall pay the sum of $11,147.00, in fifty-two equal installments, as and for Child Support"; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a recalculation of child support and child support arrears consistent herewith; and it is further,

Ordered that the defendant shall continue to pay temporary child support, prospectively, in the sum of $214.37 per week ($11,147 per year), pending a new determination of child support by the Supreme Court, Queens County.

The parties were married in 1969. Their principal marital asset was a house where they resided with their six children. In 1987, the plaintiff wife commenced the instant action for a divorce and ancillary relief. In 1990, while the marital action was pending, the parties appeared before a Beth Din (Jewish

religious court) to arbitrate their differences. Pursuant to the arbitration decision of the Beth Din, the defendant husband was awarded custody of one child and the plaintiff wife was awarded custody of the other five.

In 1991 the defendant husband moved to confirm the arbitration award. The Supreme Court directed the defendant husband to pay $11,147 per year in child support plus arrears. At the time, the plaintiff wife's net income was $29,781 while the defendant husband's was $47,940. Of the five children whose custody had been awarded to the plaintiff wife, two had since been emancipated. Although the instant judgment does not articulate the basis for the child support award, the defendant husband's obligation was apparently computed by first calculating his child support obligation for four children pursuant to the Child Support Standards Act, and by then reducing that amount by 25% because he had been awarded custody of one of the four unemancipated children. The plaintiff wife was also awarded exclusive occupancy of the marital residence until the youngest child attained the age of majority or was "sooner emancipated". Notably, the defendant husband was directed to pay all the carrying charges on the marital residence, including the "mortgage, real-estate taxes, and repairs". However, he would be reimbursed by the plaintiff wife for these expenditures from her share of the proceeds upon the sale of the residence.

Contrary to the defendant husband's contentions, the court properly awarded the plaintiff wife exclusive occupancy of the marital premises. The plaintiff wife had been awarded custody of the parties' three unemancipated children, whose best interests would be served by remaining in the marital home (see, Mitzner v Mitzner, 209 AD2d 487; Wurm v Wurm, 87 AD2d 590; see also, Kalisch v Kalisch, 184 AD2d 751). The apparent method utilized by the Supreme Court in determining the defendant husband's child support obligation was improper under the statute. Furthermore, in light of the fact that "[s]helter costs attributable to the children are inherent in the basic * * * support obligation set forth in Domestic Relations Law § 240" (Linda R. H. v Richard E. H., 205 AD2d 498, 500), the court improperly directed the defendant husband to pay the maintenance charges on the marital residence (see, Ryan v Ryan, 186 AD2d 245; Krantz v Krantz, 175 AD2d 865). It is evident from the record and the parties' respective briefs on appeal, that this disposition was made because, by an earlier decision of the same court, the defendant husband had been granted rent-free occupancy of the basement apartment of the premises until its sale.

The fashioning of an equitable support award for the parties in this case requires an examination of the relevant factors set forth in Domestic Relations Law § 240 (1-b) (f). We note that the court should be mindful of the defendant husband's rent-free occupancy of the basement apartment in calculating the award. Accordingly, the matter is remitted to the Supreme Court for a de novo determination and recalculation of child support and related arrears, in accordance herewith. Balletta, J. P., Thompson, Joy and Goldstein, JJ., concur.