■ Eric Crane, Respondent, v Maria Crane, Appellant. [694 NYS2d 763] —In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Queens County (Gartenstein, J.H.O.), dated June 4, 1998, which, after a non-jury trial, *inter alia,* (1) granted the plaintiff husband the right to make all decisions regarding the health, education, welfare, and general care of the parties' children, (2) established a visitation schedule which permits the husband to have four weeks of consecutive summer visitation with the children commencing in the year 2000, (3) directed the immediate sale of the former marital residence in Whitestone, (4) prohibited her from relocating with the children to any area outside of the Whitestone section of Queens or adjacent portions of Queens County, (5) denied her application for maintenance, (6) directed that the husband be reimbursed from the proceeds of the sale of marital property for debts incurred in satisfying his pendente lite support obligations, and (7) denied her application to make the award of child support retroactive to the date upon which such support was first requested.

Ordered that the judgment is modified by (1) deleting from the second decretal paragraph thereof the phrase "however, the Plaintiff, father shall have the right to", and substituting therefor the phrase, "the parties shall consult and jointly", (2) deleting from the second decretal paragraph thereof the provision beginning with the words "This order specifically includes the father's sole right" and ending with the words "forthwith change of custody", (3) deleting from section 7 of the fourth

decretal paragraph thereof the sentence beginning with the words "However, in the event" and ending with the words "decision-making authority", (4) deleting sections 1 (A), (B), (C), (D), and (E) of the ninth decretal paragraph thereof, and substituting therefor a provision directing that the parties' property at 36-18 Utopia Parkway, Flushing, New York, be sold as expeditiously as possible, and further providing that: (a) from the date of the judgment, each party shall be responsible for paying one half of the carrying charges for the property located at 36-18 Utopia Parkway, consisting of the mortgage, real estate taxes, insurance, and utilities, to the extent that such expenses exceed rental income obtained from the premises, (b) upon the sale of the property located at 36-18 Utopia Parkway, there shall first be deducted all sums necessary to satisfy the outstanding mortgage on the premises, real estate commissions, customary expenses or adjustments customarily paid for by sellers, including capital gains taxes, and any outstanding utility bills for the premises, and (c) after the aforesaid expenses are deducted, the sum of $33,200 shall be paid to the father, and the remaining net proceeds of the sale shall be equally divided between the parties, (5) adding thereto a provision awarding the mother exclusive occupancy of the former marital residence located at 13-24 142nd Street, Whitestone, New York, until the parties' youngest child reaches the age of 18, and directing that during this period of exclusive occupancy, the mother be responsible for paying the first mortgage, real estate taxes, insurance and utilities for the Whitestone residence, (6) adding thereto a provision directing the father to make all payments required under the parties' Marine Midland Bank home equity credit line, (7) deleting the seventh decretal paragraph thereof, and substituting therefor a provision awarding the mother child support retroactive to the date of her pendente lite application for such support; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a calculation of retroactive child support in accordance herewith, taking into account the actual payments made by the father, and the appropriate allocation between temporary maintenance and child support, and for entry of an appropriate amended judgment.

The parties in this action were married in 1979 and have a nine-year-old daughter and a seven-year-old son. After trial, the Supreme Court awarded the mother custody of the parties' children, but gave the father the right to "make all decisions in connection with the health, education, welfare and general care and raising of the children", including the right to select

their doctors, schools, and summer camps. The mother contends that the record does not support a custodial arrangement which vests the father with the ultimate right to make all decisions concerning the welfare of the children. We agree.

Here, the parties agreed that the mother should have primary physical custody of the children as recommended by the court-appointed forensic expert, and the record does not indicate that the parties' relationship is so acrimonious as to effectively preclude joint decision-making (*see generally, Braiman v Braiman,* 44 NY2d 584). Considering these factors, we find that it is in the children's best interest to permit both parents to share the responsibility of making decisions concerning their welfare.

Furthermore, under the circumstances of this case, the mother should be granted exclusive occupancy of the former marital residence in Whitestone. The parties' children have resided in the Whitestone house since their birth, attend school in Whitestone, and have friends in the community. Moreover, there is no evidence that comparable housing would be available to the mother in the same area at a lower cost (*see, Waldmann v Waldmann,* 231 AD2d 710; *Rice v Rice,* 222 AD2d 493), and the sale of a second house owned by the parties will help alleviate the father's financial difficulties. We thus conclude that the need for the custodial parent and children to occupy the home outweighs the father's immediate need for his share of the sale proceeds (*see, Mitzner v Mitzner,* 209 AD2d 487; *Harris v Harris,* 154 AD2d 438). Accordingly, the mother, as the custodial parent, should retain exclusive possession of the marital residence until the youngest child reaches the age of 18.

We also find that the court improperly directed that the proceeds from the sale of marital property be used to reimburse the father for debts which he allegedly incurred to satisfy his pendente lite support obligations. While a party in a matrimonial action may seek downward modification of a temporary child support award based upon financial hardship (*see,* Domestic Relations Law § 236 [B] [6], [9] [b]), such a downward modification may only operate prospectively (*see, Petek v Petek,* 239 AD2d 327; *Stone v Stone,* 152 AD2d 560). Since the provision directing that the father be reimbursed for debts incurred in paying his temporary support obligations was designed to give him retroactive relief from what the court perceived to be an unduly burdensome pendente lite award, it must be vacated. Thus, the father remains responsible, *inter alia,* for repayment of the outstanding balance on the parties' Marine Midland

home equity credit line. We note, however, that the father should receive a credit of $33,200 from the proceeds of the sale of the parties' Flushing, New York house, based upon the court's finding that the mother improperly borrowed this sum from the home equity credit line.

It was also error for the court to refuse to award the mother retroactive child support. By statute, child support should be awarded retroactive to the date an application for such support was made, which, in this case, was the date upon which the mother served her motion for pendente lite relief (*see,* Domestic Relations Law § 236 [B] [7] [a]; *McNally v McNally,* 251 AD2d 302; *Carney v Carney,* 236 AD2d 574, 576; *Verdrager v Verdrager,* 230 AD2d 786; *O'Brien v O'Brien,* 195 AD2d 993). Accordingly, we remit the matter to the Supreme Court to determine the amount of retroactive child support, and whether payment of any arrears due should be made in one sum or periodic sums (*see,* Domestic Relations Law § 236 [B] [7] [a]). In calculating the father's retroactive support obligation, the court should determine the amount of payments made by him on behalf of the mother and children under the pendente lite order, which required him to pay the carrying charges for the marital residence in Whitestone. To the extent that these payments can appropriately be allocated to temporary child support rather than temporary maintenance, the father should be permitted to offset such payments against accrued arrears (*see, Mellen v Mellen,* 260 AD2d 609; *Grossman v Merke-Grossman,* 248 AD2d 670).

The mother's remaining contentions are without merit. Bracken, J. P., O'Brien, Krausman and McGinity, JJ., concur.