■ Scott Campbell, Respondent, v Patricia Campbell, Appellant. [729 NYS2d 531] —In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Dutchess County (Pagones, J.), dated April 3, 2000, as, after a nonjury trial, directed the immediate sale of the marital premises and denied her application for maintenance.

Ordered that the judgment is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, so much of the second decretal paragraph thereof as directed the immediate sale of the marital premises is vacated and the defendant wife is awarded exclusive use and occupancy of the

marital premises until the parties' youngest child reaches the age of 18, at which time the premises shall be sold and the proceeds evenly divided, with the defendant wife receiving credit for any amortization payments made by her and for expenses in excess of $500 incurred in connection with the repair and improvement of the premises, and the plaintiff husband receiving the credit to which he is entitled pursuant to the fifth decretal paragraph, so much of the fourth decretal paragraph thereof as continued that portion of an order of the Family Court, Dutchess County, dated July 23, 1997, directing the husband to pay one-half of the mortgage on the marital premises is vacated and that portion of the Family Court order is terminated, so much of the fifth decretal paragraph as denied the defendant wife's application for maintenance is vacated and the defendant wife is awarded maintenance in the sum of $150 per week for a period of five years or until she remarries or either party dies prior to the expiration of the five-year period, and the matter is remitted to the Supreme Court, Dutchess County, for a calculation of retroactive maintenance in accordance herewith and for scheduling the payment of arrears in connection herewith.

The trial court erred in denying the defendant wife's application for maintenance under the circumstances of this case (see, Domestic Relations Law § 236 [B] [6] [a]). In light of the evidence adduced at trial, including undisputed evidence of the defendant wife's disability, she is awarded maintenance in the sum of $150 per week for a period of five years or until she remarries or either party dies prior to the expiration of the five-year period, so that she can regain self-sufficiency (see, O'Brien v O'Brien, 66 NY2d 576; Rindos v Rindos, 264 AD2d 722).

The trial court improvidently exercised its discretion in directing the immediate sale of the marital residence (see, Schneider v Schneider, 264 AD2d 728; Harris v Harris, 154 AD2d 438). There is no evidence that comparable housing is available in the same area at a lower cost and that the sale of the house will help alleviate the parties' financial difficulties (see, Crane v Crane, 264 AD2d 749; Waldmann v Waldmann, 231 AD2d 710; Rice v Rice, 222 AD2d 493). Accordingly, the defendant wife, as the custodial parent, should retain exclusive possession of the marital residence until the youngest child reaches the age of 18, at which time the residence shall be sold and the proceeds evenly divided. In view of our determination awarding maintenance to the defendant wife, the plaintiff husband will not be required to continue paying one-half of the mortgage on the marital premises.

Although the judgment is unclear, it appears that the trial court intended that the credit the plaintiff husband was to receive for the marital debt he assumed was to be paid out of the gross proceeds from the sale of the marital residence. In light of our determination awarding the defendant wife exclusive possession of the marital premises until the youngest child reaches the age of 18, the plaintiff husband shall receive the credit to which he is entitled when the marital premises is sold. The defendant wife shall receive credit for any amortization payments made by her and for expenses in excess of $500 incurred in connection with the repair and improvement of the premises. Ritter, J. P., Krausman, H. Miller and Smith, JJ., concur.