■ JEFFREY GOLDBLUM, Respondent, v NANCY GOLDBLUM, Appellant. [754 NYS2d 32] —In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Blydenburgh, J.), entered December 24, 2001, which, inter alia, failed to award her exclusive use and occupancy of the marital residence until the youngest child attains the age of 21 and failed to award her an equitable share in the value of a certain parcel of vacant land acquired during the marriage.

Ordered that the judgment is modified, on the law and as a matter of discretion, (1) by adding thereto a provision awarding the defendant exclusive use and occupancy of the marital residence until the parties' youngest child attains the age of 18

or is otherwise emancipated, and (2) by deleting the second and third sentence from the eighth decretal paragraph thereof and substituting therefor a provision directing the plaintiff to pay the defendant the sum of $22,500 not more than 30 days after she vacates the marital premises; as so modified the judgment is affirmed insofar as appealed from, with costs to the defendant, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings and a new determination with respect to the equitable distribution of the parcel of vacant property and the entry of an appropriate amended judgment.

The parties were married on March 9, 1987, and have two children. The parties and their children reside at 40 Makamah Beach Road, in Northport. Pursuant to the divorce judgment, the parties agreed to award custody of the children to the defendant wife. The parties each earn approximately the same amount of money. Prior to the marriage, the plaintiff husband owned a home, which he sold, after the parties' marriage, to purchase the marital residence. The husband renovated the marital home, and holds title to it in his name alone. In addition, the husband and his father purchased the vacant lot adjacent to the marital residence.

The Supreme Court erred in denying the wife's application for the exclusive use and occupancy of the marital residence. Domestic Relations Law § 236 (B) (5) (f) provides that the court may, in its discretion, make an order regarding the use and occupancy of the marital home "without regard to the form of ownership of such property." In addition, exclusive possession of the marital residence is usually granted to the spouse who has custody of the minor children of the marriage (see Poretsky v Poretsky, 176 AD2d 713; Blackman v Blackman, 131 AD2d 801; Patti v Patti, 99 AD2d 772; Damiano v Damiano, 94 AD2d 132). However, the need of the custodial parent to occupy the marital residence is weighed against the financial need of the parties (see Blackman v Blackman, supra; see also, Hillmann v Hillmann, 109 AD2d 777).

Neither party has the financial ability to obtain equivalent and suitable alternative housing for the wife and the minor children. The oldest child, now age 15, has lived in the marital residence since he was approximately 3 months old, and the younger child, now age 12, has lived in the house her whole life. To force the children and their mother, who the parties agreed should have custody, to move from the home the children grew up in, during their teenage years, would not be in their best interest. Accordingly, the wife is awarded exclusive use and occupancy of the marital residence until the youngest

child attains the age of 18 or is otherwise emancipated. In light of this determination, the husband need not pay the wife the increase in value of the residence in the sum of $22,500 until she vacates the premises (see *Graziano v Graziano,* 285 AD2d 488; *Presworsky v Presworsky,* 224 AD2d 506). In addition, the wife should pay the carrying charges, including utilities and upkeep, on the residence while occupying it.

Although it is unclear whether the parties originally intended to submit the issue of equitable distribution of the vacant lot to the Supreme Court, we agree with the wife that, under the circumstances presented, the issue should be remitted to the Supreme Court for further proceedings and a new determination as to the wife's equitable share of that asset. Florio, J.P., Feuerstein, McGinity and Schmidt, JJ., concur.