RONALD G. HIATT, Appellant-Respondent, v SUSAN M. TREMPER-HIATT, Respondent-Appellant. [776 NYS2d 112]—

Carpinello, J. Cross appeals from a judgment of the Supreme Court (Clemente, J.), entered March 21, 2003 in Sullivan County, ordering, inter alia, equitable distribution of the parties' marital property, upon a decision of the court.

During the course of the parties' near 18-year marriage, defendant started and successfully fostered a title insurance company in Sullivan County. The only extant issue in this divorce action is the proper value of this business and the extent to which plaintiff is entitled to an equitable distribution of it.

Upon weighing the differing opinions of the parties' expert witnesses, Supreme Court valued the business at $330,000 and determined that plaintiff was entitled to a 15% distributive share thereof, or $49,500. Plaintiff appeals, claiming that the court undervalued the business and erred in failing to give him a 40% distributive award. Defendant cross-appeals, claiming that plaintiff was not entitled to any distribution of her business since he made no direct or indirect contributions to its success.

The valuation of defendant's business for equitable distribution purposes was an exercise within Supreme Court's fact-finding power to be guided by expert testimony (*see Burns v Burns*, 84 NY2d 369, 375 [1994]; *Gaglio v Molnar-Gaglio*, 300 AD2d 934, 937 [2002]). Here, the determination of value rested principally on the assessment of each expert's credibility and qualifications, as well as the valuation technique employed by each (*see Douglas v Douglas*, 281 AD2d 709, 712 [2001]; *Charland v Charland*, 267 AD2d 698, 700-701 [1999]). The differences in the two experts essentially came down to their relative experience and the valuation multiplier each applied to an otherwise agreed upon figure for cash flow. Defendant's expert, who had relevant prior experience in valuing title insurance companies, justified his use of a lower multiplier because defendant's business was highly dependant on her personal attributes and her rapport with a handful of local attorneys. In short, this expert explained that the value of the business is largely dependent upon defendant herself, clearly not an easily transferable asset. Thus, we are unable to conclude that Supreme Court abused its discretion in crediting this expert's opinion. Moreover, since the court's determination fell within the range of such expert testimony, it will be upheld (*see id.*).

Next, plaintiff's interest, if any, in defendant's title insurance company derives from his direct and indirect contributions to its formation and cultivation during the marriage (*see* Domestic Relations Law § 236 [B] [5] [d] [6]). Here, the record reveals that plaintiff, an attorney, did not sacrifice any employment or educational opportunities so that defendant could start and nurture her business, did not work in the company and did not substantially alter his daily schedule due to this business pursuit (*compare Mutt v Mutt*, 242 AD2d 612, 613 [1997]). Rather, the record establishes that even after she began this business, defendant continued to be the primary caretaker of the parties' two children, prepare all meals, do all laundry and maintain the house (albeit with some hired assistance with respect to this latter task). Plaintiff served as an Air Force reserve officer during

most of the marriage reaching the status of Lieutenant Colonel, a commitment which averaged 15 weekends and two weeks per year. Defendant's business never interfered with this commitment or any other employment he had during the marriage. Moreover, it was mutually agreed by both experts that the ultimate success of the company was directly attributable to defendant's personal efforts and goodwill. Nevertheless, plaintiff's financial contributions to the household as a result of his steady employment certainly afforded defendant the opportunity to cultivate this business, at least in its early years. Thus, while his other efforts in fostering the business were minimal, we cannot accept defendant's position that plaintiff is entitled to no distribution whatsoever. In short, the 15% distributive award given by Supreme Court was a fair reflection of the evidence and will not be disturbed by this Court.

Crew III, J.P., Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.