■ JOANNE NISSEN, Appellant, v RICHARD NISSEN, Respondent. [793 NYS2d 248]—

Carpinello, J. Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered June 15, 2004 in Ulster County, ordering, inter alia, equitable distribution of the parties' marital property, upon a decision of the court.

The parties to this 15-year marriage have one child now 12 years old. Having agreed upon the precise ground for their divorce, a nonjury trial ensued on the issues of maintenance, child support and equitable distribution. On appeal, plaintiff takes issue with numerous aspects of Supreme Court's decision. In an otherwise well-supported decision, only one issue warrants modification of the judgment by this Court.

Plaintiff contends that Supreme Court erred in denying her request as the custodial parent to occupy the marital residence during the minority of the child. We agree. As noted by this Court, "[c]ourts now express a preference for allowing a custodial parent to remain in the marital residence until the youngest child becomes 18 unless such parent can obtain comparable housing at a lower cost or is financially incapable of maintaining the marital residence, or either spouse is in immediate need of his or her share of the sale proceeds" (*Nolan v Nolan*, 215 AD2d 795, 795 [1995]). Here, there is no evidence that plaintiff could obtain comparable housing at a lower cost (*see Mazzone v Mazzone*, 290 AD2d 495, 496 [2002]; *Campbell v Campbell*, 286 AD2d 467, 468 [2001]; *Crane v Crane*, 264 AD2d 749, 751 [1999]; *Leabo v Leabo*, 203 AD2d 254, 255 [1994]).

The record does reveal that plaintiff earns a modest income and will only be receiving approximately $215 per month in maintenance for two years, well below the $2,500 monthly lifetime maintenance she requested. Nevertheless, the mortgage balance on the property as of the trial was $55,000, with payments that plaintiff, despite her modest income, can afford (*see Pacillo v Pacillo*, 155 AD2d 736, 737 [1989]). Moreover, the parties' child has resided in the marital residence since he was approximately two years old, has attended the same school district, has an established friendship base and has been treating with a counselor to address problems following the parties' separation. Under these circumstances, we find that any need on defendant's part to immediately effectuate distribution of the marital residence is outweighed by the need of plaintiff and the child to

occupy it (see *Goldblum v Goldblum*, 301 AD2d 567, 568-569 [2003]; *Crane v Crane, supra*; *Gundlach v Gundlach*, 223 AD2d 942, 943 [1996], *lv denied* 88 NY2d 802 [1996]; *Carpenter v Carpenter*, 202 AD2d 813, 814 [1994]; *Pacillo v Pacillo, supra*; *Harris v Harris*, 154 AD2d 438, 439 [1989]).[1] Therefore, we find that plaintiff is entitled to exclusive possession of the marital residence until the child reaches the age of 18. The matter is thus remitted to Supreme Court to permit distribution of the remaining marital asset, namely, defendant's construction business.

To this end, the record fully supports Supreme Court's valuation of this business.[2] Indeed, "[t]he valuation of [a] business for equitable distribution purposes [is] an exercise [properly] within Supreme Court's fact-finding power to be guided by expert testimony" (*Hiatt v Tremper-Hiatt*, 6 AD3d 1014, 1015 [2004]; *see Burns v Burns*, 84 NY2d 369, 375 [1994]). Here, the value attributed to the business by Supreme Court ($80,000) was below that reached by the court-appointed appraiser ($97,000). The appraiser admitted, however, that his valuation was based on the assumption that every job proposal submitted was actually accepted by the customer and completed by defendant.[3] The record reveals that this was in fact a faulty assumption.

According to defendant, only some of the submitted proposals were ultimately awarded to him. Even plaintiff begrudgingly admitted during her testimony that she did not know if defendant actually performed all of the jobs listed on the job proposals she submitted to the appraiser. To this end, we are compelled to point out that valuing this business was difficult because both parties engaged in inaccurate accounting practices and knowingly underreported the business's income to avoid paying taxes. In light of this evidence, we find that the $80,000 value placed on the business was within the range of factual and expert testimony and will not be disturbed.

Nor will we disturb Supreme Court's decision to grant plaintiff 40% of its value. The business was started during the parties' marriage, and plaintiff performed bookkeeping tasks for it while the parties were still together. Moreover, she has always been the primary caretaker for the child. Defendant, on the other hand, generated the work proposals and performed all of

1.  Defendant's 50% share of the marital residence, which had a stipulated value of $245,000 and two mortgages totaling $55,000, is $95,000.

2.  Plaintiff's 40% share of defendant's business is $32,000.

3.  Notably, most of the records were provided to the appraiser by plaintiff herself.

the construction-related tasks. Under these circumstances, the distribution by Supreme Court was equitable (*see* Domestic Relations Law § 236 [B] [5] [c]).

Next, plaintiff failed to demonstrate her entitlement to a $30,000 credit for the alleged contribution of separate property in purchasing the marital residence (*see Dashnaw v Dashnaw*, 11 AD3d 732, 733 [2004]; *Carpenter v Carpenter, supra* at 815; *Milewski v Milewski*, 197 AD2d 562 [1993]). Moreover, Supreme Court appropriately exercised its broad discretion in fixing the amount and duration of spousal maintenance with due regard to all statutory factors (*see* Domestic Relations Law § 236 [B] [6]), as well as in calculating child support based on imputed income to defendant in the amount of $50,000 (*see e.g. Carlson-Subik v Subik*, 257 AD2d 859, 860 [1999]). Finally, we discern no abuse of discretion in the court's award of counsel fees.

Mercure, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as failed to grant plaintiff exclusive use and occupancy of the marital residence; plaintiff is entitled to exclusive possession of the marital residence until the parties' child reaches 18 years of age and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.